Dan Stormer, Esq. [S.B.#101967]
David Washington, Esq. [S.B. #305996]
Hadsell Stormer Renick & Dai LLP
128 N. Fair Oaks Avenue
Pasadena, California 91103
Telephone: (626) 585-9600
Facsimile: (626) 577-7079
E-mails: dstormer@hadsellstormer.com
         dwashington@hadsellstormer.com

Attorneys for Plaintiffs
JOEL STALLWORTH, TAMIYA DICKERSON,
and Minor Plaintiff S.S.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOEL STALLWORTH, TAMIYA DICKERSON, and Minor Plaintiff S.S., <br><br> Plaintiffs, <br><br> v. <br><br> NIKE RETAIL SERVICES, INC., WENDY MAGEE, and DOES 1-10, <br><br> Defendants. | Case No.: 2:20-cv-05985-VAP (GJSx) <br><br> [Assigned to the Honorable Virginia A. Phillips – Courtroom #8A] <br><br> **PLAINTIFFS' OBJECTIONS TO DEFENDANT NIKE RETAIL SERVICES, INC.'S EVIDENCE SUBMITTED IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFFS' FIRST, SECOND, THIRD, FIFTH, SIXTH, SEVENTH, EIGHTH, NINTH, AND TENTH CAUSES OF ACTION** <br><br> Date:   November 16, 2020 <br> Time:   2:00 p.m. <br> Courtroom:  8A <br><br> Complaint filed:  July 4, 2020 <br> Disc. Cut-Off:    None set <br> Motion Cut-Off:   None set <br> Trial Date:       None set |

PLTFS' OBJS TO DEFTS' EVID

## I. INTRODUCTION

On July 5, 2019 Plaintiffs Joel Stallworth, TaMiya Dickerson, and minor child SS ("Plaintiffs," collectively) were chased, harassed, and assaulted by Defendant Wendy Magee ("Magee"), erstwhile manager of the Nike Store located on the Santa Monica Promenade at 395 Santa Monica Place, Santa Monica, CA, 900401. With nothing to go on but the color of Plaintiffs' skin, she accused them of stealing a child-sized basketball that Mr. Stallworth had purchased moments beforehand, and she enlisted three armed Santa Monica Police Department ("SMPD") officers to detain them until they were forced to present a receipt for the ball.

Defendant's actions, by and through its employee Magee, violated Plaintiffs' rights under 42 U.S.C. §§ 1981, 1983, and 1985, as well as under California state law pursuant to Cal. Civ. Code §§ 51.7, 51.5, and the common law torts of Assault, Intentional Infliction of Emotional Distress ("IIED"), Slander, and Negligent Supervision and Retention.

Defendant now moves to dismiss Plaintiffs' First (42 U.S.C. § 1983), Second (42 U.S.C. § 1981), Third (Ralph Act—Cal. Civ. Code § 51.7), Fifth (Assault), Sixth (Intentional Infliction of Emotional Distress ["IIED"]), Seventh (Slander), Eighth (Negligent Supervision and Retention), Ninth (False Imprisonment), and Tenth (42 U.S.C. § 1985) Causes of Action. Plaintiffs oppose Defendant's motion in a brief filed concurrently herewith. Additionally, Plaintiffs request that if the Court is inclined to agree with Defendant's arguments as to Plaintiffs' First, Second, Third, and Tenth causes of action, the Court grant leave to amend the Complaint.

Defendant seeks to "incorporate by reference" a link to an NBC news website which they do not even attach as an exhibit. *See* Dkt. No. 19 at ECF 31. Plaintiffs hereby object to Nike's attempt to incorporate by reference that link (and the video accessible therein) as not published by Plaintiffs nor referenced by Plaintiffs in their Complaint.

///

///

## II. ARGUMENT

### A. The Court Should Disregard All Evidence Submitted by Defendant in Support of His 12(b)(6) Motion to Dismiss

In deciding a motion to dismiss under Rule 12(b)(6), a court may consider only the Complaint, documents attached to the Complaint, documents not attached to the Complaint but incorporated by reference, and documents subject to judicial notice. *Gerritsen v. Warner Bros. Entm't Inc.*, 112 F. Supp. 3d 1011, 1019-20 (C.D. Cal. 2015).

### B. Legal Standard Governing Incorporation by Reference

Defendant asserts that the Court may consider a hyperlink incorporated by reference into Plaintiffs' Complaint. Dkt. No. 19 at ECF 31. Under the incorporation by reference rule, "[a] court may consider evidence on which the complaint 'necessarily relies' if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion." *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006).

The incorporation by reference doctrine is a narrow exception to the general rule limiting 12(b)(6) motions to the Complaint, the purpose of which is to "prevent[] plaintiffs from surviving a Rule 12(b)(6) motion by deliberately omitting references to documents upon which their claims are based." *Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998), *superseded by statute on other grounds*. It does not, as Defendant argues, provide an end-run around that general rule by permitting courts to consider as true any and all allegations contained in any document casually cited in a complaint. *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) ("[T]he mere mention of the existence of a document is insufficient to incorporate the contents of a document by reference."); *see id.* (holding documents were not incorporated by reference because "none of the attached documents formed the basis of Horner's complaint, and she did not refer extensively to any of them." (emphasis added)).

The standard for incorporating a document by reference is strict. A document is incorporated by reference only if it is "central" to the plaintiff's claim and a document

on which the complaint "necessarily relies." *Marder*, 450 F.3d at 448. In other words, the document must be "crucial" and "integral" to the plaintiff's claims, and those claims must be "predicated upon [the] document." *Parrino*, 146 F.3d at 706 & n.4. *See Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1441 n.5 (9th Cir. 2003) ("Consideration of the extrinsic evidence is necessary to decide whether Warren is a legal or beneficial owner of the copyrights, and whether he accordingly has standing to sue for infringement." (emphasis added)); *Marder*, 450 F.3d at 448-49 (considering a release signed by plaintiff, which foreclosed each of her claims). Defendant describes the video accessible at the link they reference as "the most complete copy of Plaintiffs' video that Nike was able to locate online." Dkt. No. 19 at 11. The video is incomplete, heavily-edited, and irrelevant to the Complaint. Washington Decl. ¶ 2.

### C. The Link Provided By Defendant is Inauthentic and Irrelevant to Plaintiffs' Claim

The Complaint in this case does not incorporate by reference the link included in Defendant's Motion to Dismiss because (1) the Complaint does not refer to the link, (2) the authenticity of the video in the link is contested, and (3) it is not central to any of Plaintiffs' claims. *See Marder*, 450 F.3d at 448.

First, nowhere in Plaintiffs' Complaint do they reference an NBC article, website or link, rather, Plaintiffs only mention videos that Plaintiffs recorded at the scene. *See* Dkt. No. 1 at ¶¶ 11, 116. The link is thus not incorporated by reference. Defendants' attempt to convert two paragraphs in Plaintiffs' Complaint into an opportunity to admit as true the entire contents of a news hyperlink and video they had no involvement in creating should be denied. *See Aledlah v. S-L Distrib. Co., LLC*, 2020 U.S. Dist. LEXIS 97489, *11, 2020 WL 2927980 (N.D. Cal. June 3, 2020) (refusing to incorporate by reference a Distributor Agreement that is directly quoted in the complaint or a Sale Agreement that is not referenced in the complaint); *Missud v. Oakland Coliseum Joint Venture*, No. 12-02967 JCS, 2013 U.S. Dist. LEXIS 29915, at *31-35 (N.D. Cal. Mar. 5, 2013) (declining to incorporate by reference entire content of websites plaintiff cited for

PLTFS' OBJS TO DEFTS' EVID                -3-

specific purposes, where the complaint did not "necessarily rely" on the websites' content and it was not "essential" to his claims).

Second, the authenticity of the video accessible in the link referenced by Defendant is contested. Defendant introduces the link as "Plaintiff's video (or at least a substantial portion of it)." Dkt. No. 19 at 11. In the footnote attendant to the link, Defendant describes the video accessible through it as "the most complete copy of Plaintiffs' video that NIKE was able to locate online." *Id.* Defendants do not even move for notice or submit an affidavit authenticating the website, let alone the video. And a quick viewing of the video shows that it is spliced and includes text overlays, and a comparison of the video to all of the multiple videos recorded by Plaintiffs on the date in question shows that it is not a complete version of any of them. Washington Decl. ¶ 2. For this reason alone, the Court should not consider the link in Defendant's motion.

Third, even if authenticated (it is not), no video is "central to Plaintiff's claim." The only conceivable claim regarding which an authentic published video of the incident could even be relevant would be Plaintiffs' Slander claim (No. 7). Dkt. No. 1 at 41. But Plaintiffs' slander allegations do not allege that Defendants published any video, but rather that Magee made a series of defamatory statements about Mr. Stallworth in the presence of others, including his friends. *See* Pltfs' Opp. to Defts. Mtn. to Dismiss, Dkt. No. 22 at 13-14; Compl. ¶¶ 74, 78, 90, 92, 93. Thus, with respect to this claim, it makes no difference whether or not any video of Magee's statements was published.

### III.   CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that this Court hold that the website referenced in Defendant's Motion to Dismiss (Dkt. No. 19 at 11) is not incorporated by reference.

Dated: October 26, 2020

Respectfully Submitted,
HADSELL STORMER RENICK & DAI LLP

By   /s/ - David Clay Washington
     Dan Stormer
     David Clay Washington
Attorneys for Plaintiffs

PLTFS' OBJS TO DEFTS' EVID                    -4-