**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Joel Stallworth et al., <br><br> Plaintiff, <br><br> v. <br><br> Nike Retail Services, Inc. et al. <br><br> Defendants. | 2:20-cv-05985-VAP-GJSx <br><br> **Order GRANTING Motion to Dismiss IN PART (Dkt. 28)** |

Before the Court is Defendant Wendy Magee's ("Defendant" or "Magee") Motion to Dismiss Plaintiffs Joel Stallworth, TaMiya Dickerson, and Samuel Stallworth's ("Plaintiffs") Complaint. (Dkt. 28). After considering all the papers filed in support of, and in opposition to, the Motion, the Court deems this matter appropriate for resolution without a hearing pursuant to Local Rule 7-15. The Court GRANTS the Motion IN PART and WITH LEAVE TO AMEND.

## I.  BACKGROUND

On July 4, 2020, Plaintiffs filed this lawsuit against Magee and Nike Retail Services, Inc. ("Nike") for various alleged violations of Plaintiffs' civil rights. (Dkt. 1, Complaint "Compl."). Plaintiffs' principal contentions are that Defendants discriminated against Plaintiffs, by "following, harassing, defaming, accosting, assaulting, and accusing them of stealing a duly purchased basketball." (*Id.*, ¶ 140).

Plaintiffs allege that on July 5, 2019, "husband and wife Joel Stallworth and TaMiya Dickerson, and their infant son Samuel Stallworth went to the Nike Store located at 395 Santa Monica Place, Santa Monica, CA…" (*Id.*, ¶ 10).  When the family was leaving the store with a basketball, Nike's then-store manager, Magee, allegedly "chased, harassed, and accosted" the family by accusing them of theft, lunging at Mr. Stallworth to retrieve the basketball, and demanding proof of purchase.  (*See id.*).  Plaintiffs further allege that Magee enlisted Santa Monica Police Department ("SMPD") officers to "surround, detain, and intimidate the family and demand proof that they hadn't stolen the ball." (*Id.*).  After Plaintiffs' ultimately provided Magee with their proof of purchase, Nike processed a return of the ball's purchase price to Plaintiffs.  (*Id.*, ¶ 11).  Plaintiffs claim that "Defendant Magee sold basketballs to similarly-situated individuals who were not African Americans without the added condition that they be subjected to detention or provide her with proof of purchase, and that race motivated her decision to require the same of Mr. Stallworth." (*Id.*, ¶ 127).  According to Plaintiffs, they remain "deeply traumatized" by the events. (*Id.*).

Plaintiffs allege federal claims for violations of: (1) 42 U.S.C. § 1983; (2) 42 U.S.C. § 1981; and (3) 42 U.S.C. § 1985.  Plaintiffs also allege state law claims for: (1) violation of California's Ralph Act,  Cal. Civ. Code § 51.7; (2) violation California's Unruh Act, Cal. Civ. Code § 51.5; (3) Intentional Infliction of Emotional Distress; (4) Slander, Negligent Supervisions and Retention; and (5) False Imprisonment.  (*See* Compl.)

1  On October 13, 2020, Nike filed a Motion to Dismiss all of Plaintiffs'
2 claims except the California Unruh Act claim. (Dkt. 19). The Court granted
3 Nike's Motion IN PART on November 13, 2020. (Dkt. 34).

5  On November 9, 2020, Magee filed a Motion to Dismiss that is
6 identical to Nike's. (Dkt. 28). Plaintiffs opposed the Motion on November
7 23, 2020 (Dkt. 35) raising the same arguments used in opposition to Nike's
8 Motion to Dismiss, and Magee replied on November 30, 2020 (Dkt. 39).

## II.  LEGAL STANDARD

### A.  Motion to Dismiss Under Rule 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) allows a party to bring a motion to dismiss for failure to state a claim upon which relief can be granted. Rule 12(b)(6) is read along with Rule 8(a), which requires a short, plain statement upon which a pleading shows entitlement to relief. Fed. R. Civ. P. 8(a)(2); *Conley v. Gibson*, 355 U.S. 41, 47 (1957) (holding that the Federal Rules require a plaintiff to provide "'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests" (quoting Fed. R. Civ. P. 8(a)(2)).); *Bell Atl. Corp. v Twombly*, 550 U.S. 544, 555 (2007). When evaluating a Rule 12(b)(6) motion, a court must accept all material allegations in the complaint—as well as any reasonable inferences to be drawn from them—as true and construe them in the light most favorable to the non-moving party. *See Doe v. United States*, 419 F.3d 1058, 1062 (9th Cir. 2005); *ARC Ecology v. U.S. Dep't of Air Force*, 411 F.3d 1092, 1096 (9th Cir. 2005); *Moyo v. Gomez*, 32 F.3d 1382, 1384 (9th Cir. 1994). "The court need not accept as

3

true, however, allegations that contradict facts that may be judicially noticed by the court." *Schwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citations omitted). Rather, the allegations in the complaint "must be enough to raise a right to relief above the speculative level." (*Id.*) To survive a motion to dismiss, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *Ashcroft v. Iqbal*, 556 U.S. 662, 697 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556).

The Ninth Circuit has clarified that: (1) a complaint must "contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively" and (2) "the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). Although the scope of review is limited to the contents of the

complaint, the Court may also consider exhibits submitted with the complaint, *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990), and "take judicial notice of matters of public record outside the pleadings," *Mir v. Little Co. of Mary Hosp.*, 844 F.2d 646, 649 (9th Cir. 1988).

## III.   DISCUSSION

### A.   Plaintiffs fail to state a Claim Under 42 U.S.C. § 1983

Similar to Nike, Magee challenges the validity of Plaintiffs' First Cause of Action for Violation of 42 U.S.C. § 1983. According to Magee, "Plaintiffs' Opposition does nothing to alter this Court's prior ruling that Plaintiffs have not stated a claim for Violation of 42 U.S.C. section 1983 and this Court's ruling equally applies to Magee." (Dkt. 39, at 2). The Court agrees.

To state a claim under Section 1983, Plaintiffs must show both: (1) a deprivation of a right secured by the Constitution or laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law. *Kirtley v. Rainey*, 326 F.3d 1088, 1092 (9th Cir. 2003). As a general matter, it is presumed that private parties are not acting under the color of state law. *See Sutton v. Providence St. Joseph Med. Ctr.*, 192 F.3d 826, 835 (9th Cir.1999) ("[W]e therefore start with the presumption that private conduct does not constitute state action."). The ultimate inquiry in deciding whether a person is a state actor is if the constitutional deprivation is "'fairly attributable to the State.'" *Rendell–Baker v. Kohn*, 457 U.S. 830, 838, 102 S.Ct. 2764, 73 L.Ed.2d 418 (1982) (quoting *Lugar v. Edmonson Oil Co., Inc.*, 457 U.S. 922, 937, 102 S.Ct. 2744, 73 L.Ed.2d 482 (1982)).

A store and its employees may be liable under Section 1983 as state actors "if the police have a pre-arranged plan with the store and under the plan police will arrest anyone identified as a shoplifter without independently evaluating the presence of probable cause." *See Copeland v. K Mart Corp.*, 161 F.3d 12 (9th Cir. 1998) (citing *Cruz v. Donnelly*, 727 F.2d 79, 81 (3rd Cir. 1984)).

Plaintiffs maintain their argument that the SMPD had a pre-arranged agreement with Magee and Nike because the SMPD detained Plaintiffs at Magee's request without an independent investigation of their own. (Dkt. 28, at 12-15). Plaintiffs rely on the same arguments and facts to support their theory of a conspiracy that the Court previously rejected. (Dkts. 28, 34). Accordingly, Plaintiffs have failed to allege a conspiracy as required under Section 1983.

Nevertheless, as similarly raised in Opposition to Nike's Motion to Dismiss, Plaintiffs claim they discovered new information that would support a pre-arranged agreement between Nike and the SMPD and other stores within the Santa Monica Promenade. Accordingly, the Court DISMISSES this cause of action WITH LEAVE TO AMEND. Plaintiffs' December 14, 2020 deadline to file an amended Complaint remains in effect.

**B.     Plaintiffs Fail to State a Claim Under 42 U.S.C. § 1981**

For similar reasons, Plaintiffs fail to state a claim under Section 1981. According to Magee, Plaintiffs' Second Cause of Action for Violation of 42 U.S.C. § 1981 fails because Mr. Stallworth's right "to make and enforce

6

contracts" in connection with a store purchase cannot be violated by conduct that occurred after the store purchase was complete.  The Court agrees, and Plaintiffs do not dispute this point.

Instead, Plaintiffs maintain their argument that they can allege a violation under Section 1981's equal benefit clause.  While Plaintiffs' equal benefit argument may have merit, Plaintiffs' Section 1981 claim currently is based on the right to "make and enforce contracts."  The Court therefore DISMISSES this claim WITH LEAVE TO AMEND.

### C.     Plaintiffs Fail to State a Claim Under 42 U.S.C. § 1985

Plaintiffs' Section 1985 claim fails as well.  To state a claim under Section 1985, Plaintiffs need to allege facts establishing a conspiracy, among other elements.  For the reasons stated above with respect to Plaintiffs' Section 1983 claim, Plaintiffs have not alleged a conspiracy between Nike and the SMPD.  Moreover, as noted in the Court's previous Order, Section 1985 creates no independent substantive rights.  (Dkt. 34).  Accordingly, this claim rises and falls with Plaintiffs' Section 1981 and 1983 claims.  The Court therefore DISMISSES this claim WITH LEAVE TO AMEND.

### D.     Plaintiffs' State Law Claims

As Plaintiffs have not yet succeeded in pleading a claim under a federal statute, and have only alleged facts to support federal question jurisdiction in the Complaint, the Court will not address the state law claims unless and until Plaintiffs plead adequate federal law claims.

## IV. CONCLUSION

The Court therefore GRANTS Defendant's Motion IN PART and dismisses Plaintiffs' federal claims WITH LEAVE TO AMEND. Plaintiffs' deadline to file an amended Complaint no later than December 14, 2020 remains in effect.

**IT IS SO ORDERED.**

Dated: 12/9/20

Virginia A. Phillips
United States District Judge