Dan Stormer, Esq. [S.B.#101967]
David Washington, Esq. [S.B. #305996]
Hadsell Stormer Renick & Dai LLP
128 N. Fair Oaks Avenue
Pasadena, California 91103
Telephone: (626) 585-9600
Facsimile: (626) 577-7079
E-mail: dstormer@hadsellstormer.com
          dwashington@hadsellstormer.com

Attorneys for Plaintiffs
JOEL STALLWORTH, TAMIYA DICKERSON,
and Minor Plaintiff S.S.

[Additional counsel continued on next page]

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOEL STALLWORTH, TAMIYA DICKERSON, and Minor Plaintiff S.S., <br><br> Plaintiffs, <br><br> v. <br><br> NIKE RETAIL SERVICES, INC., WENDY MAGEE, and DOES 1-10, <br><br> Defendants. | Case No.: 2:20-cv-05985-VAP (GJSx) <br><br> [Assigned to the Honorable Virginia A. Phillips – Courtroom #8A] <br><br> **JOINT RULE 26(f) REPORT** <br><br> DATE:   February 1, 2021 <br> TIME:   1:30 p.m. <br> CRTRM:  8A <br><br><br> Complaint filed:  July 4, 2020 <br> Trial Date:   None set |

JT RULE 26(f) REPORT

[Counsel continued from previous page]

Paul W. Sweeney, Jr. (SBN 112511)
Kevin S. Asfour (SBN 228993)
Trevor J. Wynn (SBN 327623)
K&L GATES LLP
10100 Santa Monica Blvd., Eighth Floor
Los Angeles, California 90067
Telephone: (310) 552-5000
Facsimile: (310) 552-5001
Email: paul.sweeney@klgates.com
        kevin.asfour@klgates.com
        trevor.wynn@klgates.com

Attorneys for Defendant
NIKE RETAIL SERVICES, INC.


Beth Kahn (SBN 134158)
Lisa Reimbold (SBN 261321)
CLARK HILL LLP
1055 West Seventh Street, Suite 2400
Los Angeles, California 90017
Telephone: (213) 891-9100
Facsimile: (213) 488-1178
Email: BKahn@ClarkHill.com
        LReimbold@ClarkHill.com

Attorneys for Defendant
WENDY MAGEE

Pursuant to the Court's October 14, 2020 Order Setting Rule 16(b) Scheduling Conference, Plaintiffs Joel Stallworth, TaMiya Dickerson, and Minor Plaintiff S.S. and Defendants Wendy Magee ("Ms. Magee") and NIKE Retail Services, Inc. ("NIKE") (collectively, the "Parties"), by and through their respective counsel, hereby respectfully submit this Joint Rule 26(f) Report as follows:

## 1.   Statement of the Case:

### Plaintiffs' Statement of the Case:

On July 5, 2019 Plaintiffs Joel Stallworth, TaMiya Dickerson, and minor child SS ("Plaintiffs," collectively) were chased, harassed, and assaulted by Defendant Wendy Magee ("Magee"), erstwhile manager of the Nike Store located on the Santa Monica Promenade at 395 Santa Monica Place, Santa Monica, CA, 900401. With nothing to go on but the color of Plaintiffs' skin, she accused them of stealing a child-sized basketball that Mr. Stallworth had purchased moments beforehand, and she enlisted three armed Santa Monica Police Department ("SMPD") officers to detain them until they were forced to present a receipt for the ball.  Ms. Magee had a history of racist behavior during her term of employment with Nike and despite complaints regarding same, Defendant Nike Retail Services, Inc. ("Nike") did nothing.

On December 14, 2020, Plaintiffs filed their First Amended Complaint alleging eleven (11) causes of action under 42 U.S.C. §§ 1981, 1983, and 1985; Cal Civ. Code §§ 46, 51.5, 51.7, and 52.1; and state law claims for Assault, Intentional Infliction of Emotional Distress, False Imprisonment, and Negligent Supervision and Retention.

**Defendant NIKE Retail Services, Inc.'s Statement of the Case:**  This dispute arises from an incident near NIKE's Santa Monica retail store in which Ms. Magee, the store's manager, followed Plaintiffs out of the store and onto the Third Street promenade to request proof of purchase of a basketball.  Plaintiffs allege they were the victims of racial discrimination and had their civil rights

JT RULE 26(f) REPORT

-1-

violated, including by Ms. Magee's contacting officers of the Santa Monica Police Department, who briefly questioned the parties.  Plaintiffs have asserted various related claims against Defendants.  NIKE maintains that Plaintiffs were not racially discriminated against, there was not any deprivation of their civil liberties, and that their claims in this action are unmerited.  Ms. Magee was subsequently terminated for her actions, which NIKE contends were in violation of established NIKE policy.  The complaint was filed on July 4, 2020, and served on August 12, 2020.  Plaintiffs filed a first amended complaint on December 14, 2020.

**Defendant Wendy Magee's Statement of the Case:**  In July of 2019, Ms. Magee worked as a manager at NIKE's Santa Monica store. On July 5, 2019, Plaintiffs were patrons in that store and left the store after they purchased a basketball. Ms. Magee was notified by an employee that he did not believe the Plaintiffs paid for the ball. After Ms. Magee questioned staff and located no employees who charged Plaintiffs for the ball or saw them pay for the ball, Ms. Magee approached Plaintiffs. Upon approaching Plaintiffs, Ms. Magee asked Plaintiffs if they had a receipt for the ball. Mr. Stallworth became quite angry with Ms. Magee. This incident came to the attention of Santa Monica police officers who were walking in the area. Ms. Magee denies that her actions were in any way racially motivated and denies any and all claims of discrimination or deprivation of any civil rights pursuant to federal or state law. Ms. Magee further denies any and all California causes of action including intentional infliction of emotional distress, slander, and false imprisonment. Ms. Magee contends that she was wrongfully terminated by NIKE and has a separate lawsuit pending.

2.   **Related cases:**  Currently pending before this court is the related case of *Magee v. NIKE Retail Services, Inc. et al.*, Case No. 2:20-cv-02618-VAP-GJS, wherein

Ms. Magee has asserted claims of reverse discrimination and wrongful termination against NIKE relating to the events at issue in this case.

**3.     Subject Matter Jurisdiction:**  The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) because Plaintiffs have alleged claims arising under federal statutes, namely, 42 U.S.C. § 1981, 1983 and 1985. Further, the Court has subject matter jurisdiction over Plaintiffs' state-law claims pursuant to 28 U.S.C. § 1367 (supplemental jurisdiction) because those claims are so related to Plaintiffs' federal statutory claims in the action that they form part of the same case or controversy under Article III of the United States Constitution.

**4.     Claims Pending:**  Plaintiffs allege causes of action for: (1) violation of 42 U.S.C. § 1983; (2) violation of 42 U.S.C. § 1981; (3) violation of 42 U.S.C. § 1985; (4) violation of the Unruh Act (Cal. Civ. Code § 51.5); (5) violation of the Bane Act (Cal. Civ. Code § 52.1); (6) violation of the Ralph Act (Cal. Civ. Code § 51.7); (7) assault; (8) intentional infliction of emotional distress; (9) slander (Cal. Civ. Code § 46); (10) false imprisonment; and (11) negligent supervision and retention.  Mr. Stallworth is the only plaintiff asserting the second, sixth, seventh, ninth and tenth causes of action, whereas the remaining claims are asserted by all Plaintiffs.

**5.     Parties, and Non-Party Witnesses:**

**a.  Parties**

Plaintiffs Joel Stallworth, TaMiya Dickerson, and Minor Plaintiff S.S. through his Guardian *ad litem* Robert Jacobs.

Defendant Wendy Magee

Defendant NIKE Retail Services, Inc.

JT RULE 26(f) REPORT

-3-

**b. Non-Party Witnesses**

NIKE's then-employees of its Santa Monica retail store who were present during some of the alleged events involving Plaintiffs and/or working on shift at the time; other NIKE employees who worked with, under, and/or supervised Magee at all locations where she worked during her term of employment with NIKE; other NIKE employees who investigated and/or spoke the Parties and/or their agents about this incident; other individuals who witnessed the incident and its aftermath; witnesses relating to Plaintiffs' alleged damages; potentially SMPD Officers and employees who were present or otherwise investigated the incident and/or spoke with the Parties about it; and potentially expert witnesses.

6.    **Damages:**  Plaintiffs seek compensatory damages, general, special damages, punitive and exemplary damages, attorneys' fees, and costs.  Defendants maintain that Plaintiff is not entitled to any damages and are uncertain as to the basis or amount of such alleged damages.

7.    **Dispositive Motions:**  NIKE and Ms. Magee each filed a Motion to Dismiss in response to the Plaintiffs' original complaint, which motions the Court granted as to the federal claims (without addressing the balance of the motions).  Currently pending is NIKE's Motion to Dismiss various causes of action in Plaintiffs' First Amended Complaint ("FAC"), in which Ms. Magee has joined in part.  To the extent this action proceeds past the pleadings stage, Defendants anticipate filing motions for summary judgment. Plaintiffs anticipate filing discovery motions, including motions to compel and to quash or for protective orders as needed. Plaintiffs also believe it likely that they will file motions *in limine* prior to trial.

/ / /

/ / /

JT RULE 26(f) REPORT

-4-

**8.    Manual for Complex Litigation:**  The Parties do not believe that the Manual for Complex litigation need be utilized in this case.

**9.    Status of Discovery:**  Discovery opened on January 11, 2021 when the Parties held their conference pursuant to Federal Rule of Civil Procedure 26(d)(1). Plaintiff anticipates serving discovery requests on both Defendants promptly.

**10.    Anticipated Discovery, Scope, and Scheduling of Discovery:**

  a.  **Rule 26(a) Disclosures:**  The Parties have agreed to serve initial disclosures on February 15, 2021, pursuant to Rule 26(a) of the Federal Rules of Civil Procedure.

  b.  **Subjects on Which Discovery Will be Conducted:**

   i.  **Defendants:** expect conducting discovery on the facts surrounding Mr. Stallworth's purchase and return of the subject basketball and the related actions of Ms. Magee, Plaintiffs, other NIKE employees, the SMPD, Rebecca and Khalil, and all related documents and communications, including, without limitation, third-party communications; Plaintiffs' alleged damages.

   ii.  **Plaintiffs:** expect conducting discovery on the facts surrounding Magee's and the SMPD's actions toward Plaintiffs, NIKE's actions by and through them, Magee's past racist behavior, and NIKE's knowledge of it.

  c.  **Whether Discovery Should be Conducted in Phases:**  The Parties do not believe the Court should issue any order concerning the phases of discovery.

  d.  **Any Issues Relating to Claims of Privilege:**  None at this time.

  e.  **Changes in the Limitations on Discovery Imposed under the Federal Rules:**  The Parties do not believe that any changes should be made to the

---

JT RULE 26(f) REPORT

limitations on discovery imposed by the federal rules.

    **f. Other Orders that Should be Entered by the Court under Rule 26(c) or Rule 16(b) and (c):** The Parties anticipate submitting a stipulation for a proposed protective order regarding any confidential information produced in discovery that is consistent with the model order recommended by the Local Rules.

**11. Discovery Cut-off:** *See* Schedule of Pretrial and Dates form, attached as Exhibit "A."

**12. Expert Disclosures:** *See* Schedule of Pretrial and Dates form, attached as Exhibit "A." Regarding expert discovery, the Parties agree that each party shall bear the fees for the opposing party's expert's time spent in deposition, only. Time spent in preparation for deposition, travel time, and costs associated with travel, including food and lodging, shall be borne by the party disclosing the expert.

**13. Settlement:** Plaintiffs and NIKE previously mediated and were unable to reach a settlement. Pursuant to L.R. 16-15, parties have agreed to use ADR Procedure No. 3 (outside ADR).

**14. Trial Estimate:** NIKE currently anticipates that trial of this matter will require approximately five days.

**15. Trial Counsel:**

    **a. Plaintiffs' Trial Counsel**

    Dan Stormer, Esq.

    David Washington, Esq.

Hadsell Stormer Renick & Dai LLP

**b. Ms. Magee's Trial Counsel**

Beth Kahn, Esq.

Lisa Reimbold, Esq.

Clark Hill LLP

**c. NIKE's Trial Counsel**

Paul W. Sweeney, Jr., Esq.

Kevin S. Asfour, Esq.

Trevor J. Wynn, Esq.

K&L Gates LLP

**16. Independent Expert or Master:**  The Parties do not believe the Court should consider appointing a Master pursuant to Rule 53 or an independent scientific expert.

**17. Timetable:**  *See* Schedule of Pretrial and Dates form, attached as Exhibit "A."

**18. Other Issues:**  The Court has appointed Robert Jacobs as guardian *ad litem* for Minor Plaintiff S.S. in this action.  As such, Mr. Jacobs' participation will be necessary in any settlement discussions and perhaps other aspects of the case.

**19. Patent Cases:**  This is not a patent case.

/ / /

/ / /

/ / /

JT RULE 26(f) REPORT

**20.     Whether Parties Wish to Have a Magistrate Judge Preside:**  The Parties do not consent to a Magistrate Judge presiding over the case.

Respectfully Submitted,

Dated: January 25, 2021          HADSELL STORMER RENICK & DAI LLP


By:  /s/ - David Clay Washington[1]
         Dan Stormer
         David Clay Washington
Attorneys for Plaintiffs
JOEL STALLWORTH, TAMIYA
DICKERSON, and Minor Plaintiff S.S.


Dated: January 25, 2021          K&L GATES LLP


By:  /s/ - Trevor J. Wynn
         Paul W. Sweeney, Jr.
         Kevin S. Asfour
         Trevor J. Wynn
Attorneys for Defendant
NIKE RETAIL SERVICES, INC.


Dated: January 25, 2021          CLARK HILL LLP


By:  /s/ - Lisa Reimbold
         Beth Kahn
         Lisa Reimbold
Attorneys for Defendant
WENDY MAGEE

---

[1]  I hereby attest that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

JT RULE 26(f) REPORT                    -8-

## **EXHIBIT A:  SCHEDULE OF PRETRIAL AND TRIAL DATES**

CASE NAME:  JOEL STALLWORTH et al v. NIKE RETAIL SERVICES, INC., et al

CASE NO. 2:20-cv-05985

| Matter: | Plaintiffs' Request | Defendants' Request | Court Order |
|---|---|---|---|
| TRIAL (Tuesday) Jury X Court ☐ Length: days | 3/15/2022 (5-day estimate) | 3/15/2022 (5-day estimate) | |
| Pretrial Conf., L.R. 16; Hearing on Motions in Limine | 2/21/2022 | 2/21/2022 | |
| Last day to conduct Settlement Conf., L.R. 16-15 | 1/7/2022 | 11/15/2021 | |
| Last day for **hearing** non-discovery motions | 1/3/2022 | 1/3/2022 | |
| All Discovery Cut-Off, including hearing all discovery motions | 12/20/2021 | 12/20/2021 | |
| Expert Disclosure (Rebuttal) | 12/6/2021 | 12/6/2021 | |
| Expert Disclosure (Initial) | 11/22/2021 | 11/22/2021 | |
| Last day to amend pleadings or add parties | 4/26/2021 | 4/26/2021 | |
| Last day for filing motion for class certification (if applicable) | N/A | N/A | |
| Hearing on motion for class certification (if applicable) | N/A | N/A | |

LOCAL RULE 16-15 Settlement Choice:

 ☐ U.S. Magistrate Judge
 ☐ Attorney Settlement Officer Panel
 X Outside ADR

JT RULE 26(f) REPORT

-9-