Dan Stormer, Esq. [S.B.#101967]
Barbara Enloe Hadsell, Esq. [S.B. #086021]
David Washington, Esq. [S.B. #305996]
Hanna Chandoo, Esq. [S.B. #30693]
Hadsell Stormer Renick & Dai LLP
128 N. Fair Oaks Avenue
Pasadena, California 91103
Telephone: (626) 585-9600
Facsimile: (626) 577-7079
E-mails: dstormer@hadsellstormer.com
         bhadsell@hadsellstormer.com
         dwashington@hadsellstormer.com
         hchandoo@hadsellstormer.com

Attorneys for Plaintiffs
JOEL STALLWORTH, TAMIYA DICKERSON,
and Minor Plaintiff S.S.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOEL STALLWORTH, TAMIYA DICKERSON, and Minor Plaintiff S.S., <br><br> Plaintiffs, <br><br> v. <br><br> NIKE RETAIL SERVICES, INC., WENDY MAGEE, and DOES 1-10, <br><br> Defendants. | Case No.: 2:20-cv-05985-VAP (GJSx) <br><br> [Assigned to the Honorable Virginia A. Phillips – Courtroom #8A] <br><br> **PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE A THIRD AMENDED COMPLAINT** <br><br> Date:    April 12, 2021 <br> Time:    2:00 p.m. <br> Courtroom: 8A <br><br> Complaint filed: July 4, 2020 <br> Disc. Cut-Off:   None set <br> Motion Cut-Off:  None set <br> Trial Date:      None set |

---
PLTFS' MTN FOR LEAVE TO FILE A
THIRD AMENDED COMPLAINT

**TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that, on April 12, 2021 at 2:00 p.m., or as soon thereafter as counsel may be heard in Courtroom 8A, located on the 8th floor of the United States District Court, Central District, First Street Courthouse, 350 West 1st Street, Los Angeles, California 90012, Plaintiffs Joel Stallworth, TaMiya Dickerson, and minor child S.S. (collectively, "Plaintiffs") will, and hereby do, move this Court for leave to file a Third Amended Complaint that substitutes Nike, Inc. in for one of the Doe Defendants.

In their Second Amended Complaint, Plaintiffs named Nike Retail Services, Inc. ("Nike Retail"), Wendy Magee ("Magee"), and Does 1-10 (the "Doe Defendants") as Defendants. Second Am. Compl. ("SAC") ¶¶ 5-8, ECF No. 69. Plaintiffs describe Magee as the manager of a Nike store in Santa Monica. *Id.* ¶ 6. They describe the Doe Defendants as follows:

> The true names of Doe Defendants 1 through 10, inclusive, are presently unknown to Plaintiffs, who therefore sue each of these Defendants by such fictitious names. Upon ascertaining the true identities of the Doe Defendants, Plaintiffs will amend this Complaint for Damages, or seek leave to do so, by inserting the true names in lieu of the fictitious names. Plaintiffs are informed and believe, and on the basis of such information and belief allege, that Defendants Magee, Nike Retail, and each Doe Defendant is in some manner legally responsible for the acts, omissions, injuries and damages herein alleged.

*Id.* ¶ 7. Among other things, Plaintiffs allege that Nike Retail and Magee discriminated against Plaintiffs on the basis of race. *See, e.g.*, *id.* ¶¶ 12-22, 85-99. Plaintiffs also allege that multiple employees previously complained to Nike Retail about Magee's racial profiling of and racial bias towards Black customers and employees. *See, e.g.*, *id.* ¶¶ 16-20, 99.[1]

On February 11, 2021, Plaintiffs learned that Nike Retail's parent company, Nike, Inc., received a complaint from a Nike Retail employee about Magee's racial bias

---

[1] These allegations were incorporated by reference into every cause of action, including those alleged against the Doe Defendants. Thus, the Doe Defendants, once identified (such as this instance involving Nike, Inc.), were on notice of the complaints about Magee.

PLTFS' MTN FOR LEAVE TO FILE A THIRD AMENDED COMPLAINT       1

and discriminatory conduct. *See generally* Email from Cameron Bailey to Antoine Andrews, Decl. of David Clay Washington ("Washington Decl."), Ex. 1. The complaint made clear that the employee had already complained to Nike Retail and was now escalating the issue to Nike, Inc. *Id.* at 2. Nike, Inc. failed to respond to the concerns in the complaint. As an entity that exercises "sufficient control" over Nike Retail, Nike, Inc. is liable and should be a party to this lawsuit.

Shortly after receiving a copy of Mr. Bailey's complaint, Plaintiffs initiated the meet-and-confer process required by Local Rule 7-3 to determine whether Defendants would stipulate to allowing Plaintiffs to amend their complaint to name Nike, Inc. as a Defendant. Washington Decl. ¶ 5. On February 26, 2021, Defendants informed Plaintiffs they would not stipulate and would oppose this motion. *Id.*

The Court's scheduling order states that all motions to add parties must be heard by March 15, 2021. ECF No. 56. Plaintiffs would have had to file this motion on February 15, 2021, just one business day after receiving Mr. Bailey's complaint, to meet that deadline. *See* C.D. Cal. L.R. 6-1 (requiring that the notice of motion be filed 28 days in advance of the hearing date). As such, Plaintiffs move both to amend the scheduling order and for leave to file a Third Amended Complaint that substitutes Nike, Inc. in for one of the Doe Defendants. Exhibit 5 to the concurrently filed Declaration of David Washington is a redlined copy of the Proposed Third Amended Complaint. Exhibit 6 to the declaration is a clean copy of the Proposed Third Amended Complaint and its accompanying exhibits.

Good cause exists to support Plaintiffs' motion. There was no undue delay or bad faith on Plaintiffs' part, and there is no prejudice to Nike, Inc., who "knew or should have known that the action would have been brought against" it, but for Plaintiffs' ignorance of one or more complaints that were in Nike, Inc.'s possession. Fed. R. Civ. P. 15(c)(1)(C). Any claim of prejudice by Nike Retail or Magee is specious, at best. Discovery has only just begun. The parties filed their Rule 26(f) report on January 25, 2021, and the Court issued its scheduling order on February 4, 2021. ECF No. 51; ECF

No. 56. Plaintiffs immediately noticed several depositions and propounded written discovery requests. No depositions have been taken because Plaintiffs are waiting for Defendants to propose mutually convenient times. Defendants have responded to Plaintiffs' written discovery requests and have represented that they will produce some documents but only after a protective order is in place. Plaintiffs' first deadline to produce documents has not yet passed. Because of the case's procedural posture, Plaintiffs could not have independently learned that Nike, Inc. received complaints about Magee. Despite diligent attempts to comply with the Court's scheduling order, Plaintiffs could not have reasonably met the Court's March 15 deadline to add a party. In addition, Plaintiffs' amendments are not futile, and none of the other *Foman* factors weigh against granting leave to amend.

Plaintiffs' motion is based upon this Notice of Motion, the accompanying Memorandum of Points and Authorities, Declaration of David Clay Washington and attached exhibits. It is also based on the pleadings and records on file with this court, Plaintiffs' attempts to enter into a stipulation with Defendants, any evidence of which the Court may take judicial notice prior to or at the hearing of this matter, and any oral or documentary evidence presented during said hearing. Plaintiffs' motion should be granted.

Dated: March 15, 2021                Respectfully Submitted,

                                     HADSELL STORMER RENICK & DAI LLP

                                     By   /s/ - David Clay Washington
                                            Dan Stormer
                                            Barbara Enloe Hadsell
                                            David Clay Washington
                                            Hanna Chandoo
                                     Attorneys for Plaintiffs

PLTFS' MTN FOR LEAVE TO FILE A
THIRD AMENDED COMPLAINT                    3

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiffs recently learned that Nike, Inc. received a complaint from a Nike Retail employee about Defendant Wendy Magee's racial profiling of and racial bias towards Black patrons and employees. The complainant made clear that Nike Retail employees had already complained to Nike Retail about Magee's behavior and that the author hoped to escalate the complaint to Nike, Inc. Nike, Inc. failed to address the complaint, and clearly had notice of Nike Retail and Magee's discriminatory animus and conduct. As an entity that exercises "sufficient control" over Nike Retail, Nike, Inc. should be a party to this lawsuit.

Good cause exists under Federal Rule of Civil Procedure 16. Plaintiffs were diligent in their attempts to comply with the scheduling order and could not have reasonably met the Court's March 15 deadline to add a party. Discovery is underway, but, given the procedural posture of the case, Plaintiffs had no way of learning this information about Nike, Inc. earlier in the litigation. Plaintiffs also satisfy Rule 15's standard of granting leave to amend with "extreme liberality." *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990). Plaintiffs' amendments are not futile, and none of the other *Foman* factors weigh against granting this motion. Plaintiffs' motion to amend the scheduling order and for leave to file a Third Amended Complaint should be granted.

## II. BACKGROUND

On July 4, 2020, Plaintiffs Joel Stallworth, TaMiya Dickerson, and minor child S.S. (collectively, "Plaintiffs") filed their original complaint in this action against Nike Retail Services, Inc. ("Nike Retail"), Wendy Magee ("Magee"), and Does 1-10 (the "Doe Defendants"). Compl., ECF No. 1. The Court granted, in part and with leave to amend, two subsequent motions to dismiss filed by Nike Retail. *See* Nike Retail's Mot. to Dismiss Compl., ECF No. 19; Order Partially Granting Same, ECF No. 34; First Am. Compl., ECF No. 43; Nike Retail's Mot. to Dismiss First Am. Compl., ECF No. 47;

1  Order Partially Granting Same, ECF No. 68. On March 12, 2021, Plaintiffs filed their
2  Second Amended Complaint. ECF No. 69.

3  Both the original and operative complaints allege that Magee racially profiled and
4  harbored racial animus towards Plaintiffs and falsely accused them of shoplifting, a lie
5  that turned a milestone moment for Plaintiffs' family into a harrowing, heartbreaking,
6  and humiliating confrontation with the police. *See, e.g.*, *id.* ¶¶ 12-22, 80-123. At the
7  time, Magee was employed by Nike Retail. *Id.* ¶ 6. Plaintiffs allege Nike Retail received
8  numerous complaints about Magee's degrading and racist behavior and they incorporate
9  that allegation by reference against every Defendant, including the Doe Defendants.
10 *Id.* ¶¶ 16-22; *see* each Cause of Action. In the original and both amended complaints,
11 Plaintiffs named both Magee and Nike Retail as Defendants. *See* ECF No. 1; ECF No.
12 69.

13 When they initiated this lawsuit, Plaintiffs understood that Nike Retail was a
14 subsidiary of Nike, Inc. Plaintiffs also understood that Nike, Inc. dictated Nike Retail's
15 guidelines and practices, including its Code of Conduct. *See, e.g.*, Nike Code of
16 Conduct, Decl. of David Clay Washington ("Washington Decl."), Ex. 2. But Plaintiffs
17 did not name Nike, Inc. as a Defendant because Plaintiffs had no direct evidence that
18 Nike, Inc. had knowledge of Magee's racial bias towards Black patrons and employees.

19 This belief changed on February 11, 2021, when Plaintiffs' counsel received a
20 copy of a complaint that was lodged directly with Nike, Inc. by Cameron Bailey, a
21 former Nike Retail employee. *See* Email from Cameron Bailey to Antoine Andrews,
22 Washington Decl., Ex. 1 ("Email to Nike, Inc."). Mr. Bailey emailed the complaint to
23 Antoine Andrews, Nike, Inc.'s then-Vice President of Diversity and Inclusion. *Id.* at 1;
24 *see also* Antoine Andrews's LinkedIn Profile, Washington Decl., Ex. 3 at 1. He
25 specifically described Magee's racial profiling of and racial bias towards Black
26 customers and employees:

27  My concern is about Wendy's perception of who can be classified a
    shoplifter. Frequently, **Wendy asks employees to keep their eyes on
28  people based on appearance**, not actions. **She is very specific about the
    type of person she wants followed.**

PLTFS' MTN FOR LEAVE TO FILE A
THIRD AMENDED COMPLAINT                  2

> . . .
> Her standards and levels of interest doesn't seem to be the same for everyone that comes in the store. Her profiling has included several Drew League players and NBA players. Some of these people are Nike NBA athletes who she does not recognize like Zach Randolph, Tristan Thompson, and John Wall. Also, she has said to follow Brandon Jennings and Austin Daye. Wendy has asked me why I talk to some of these players. She has asked what some of the conversations are about. **Her negative assumptions about every athletic looking African-American guy is hard to deal with.**

Email to Nike, Inc. at 1 (emphasis added). Each of the people Mr. Bailey names as targets of Magee's racial animus is a Black man. Mr. Bailey also made clear that he was escalating his complaint to Nike, Inc. because he was "being singled out for speaking out on profiling issues that shouldn't be happening" at Nike Retail. *Id.* at 2. It is clear from the email that Mr. Bailey repeatedly complained to Nike Retail about Magee's profiling of and bias towards Black patrons and employees without receiving any meaningful response and expected Nike, Inc., the entity whose name and brand appear everywhere, including in the Nike Retail Code of Conduct, to step in and rectify the situation. *Id.* at 1-2.

Shortly after receiving a copy of Mr. Bailey's complaint, Plaintiffs initiated the meet-and-confer process required by Local Rule 7-3 to determine whether Defendants would stipulate to allowing Plaintiffs to amend their complaint to name Nike, Inc. as a Defendant. Washington Decl. ¶ 5. On February 26, 2021, Defendants informed Plaintiffs they would not stipulate and would, instead, oppose this motion. *Id.*

Discovery has only just begun in this case. The parties filed their Rule 26(f) report on January 25, 2021, and the Court issued its scheduling order on February 4, 2021. ECF No. 51; ECF No. 56. On February 9, 2021, Plaintiffs noticed the depositions of Magee and Nike Retail. Washington Decl. ¶¶ 6(a)-(b). Defendants objected and the parties met and conferred. *Id.* ¶¶ 6(a)-(b). On March 12, 2021, Defendants provided Nike Retail's availability for a deposition in April. *Id.* ¶ 6(a). Defendants have not yet provided Magee's availability. *Id.* ¶ 6(b). Plaintiffs also subpoenaed the City of Santa Monica Police Department. *Id.* ¶ 6(c). The department objected and counsel met and conferred. *Id.* The Department has not yet provided its availability. *Id.* Plaintiffs also subpoenaed

PLTFS' MTN FOR LEAVE TO FILE A THIRD AMENDED COMPLAINT  3

Cameron Bailey. *Id.* ¶ 6(d). That deposition is scheduled for March 22, 2021. *Id.* The parties have also propounded written discovery request. *Id.* ¶¶ 6(e)-(g). Plaintiffs served requests for production on February 9, 2021. *Id.* ¶ 6(e). Defendants have agreed to produce some documents but only after a protective order is in place. *Id.* The parties have also exchanged initial and supplemental disclosures. *Id.* ¶ 6(f). Plaintiffs produced documents with their disclosures; these are the only documents that have been produced to-date in this case. *Id.* On March 4, 2021, Nike Retail served requests for production and interrogatories on Plaintiffs. *Id.* ¶ 6(g). Plaintiffs' deadline to respond is April 5, 2021. *Id.*

The Court's scheduling order states that all motions to add parties must be *heard* by March 15, 2021. ECF No. 56. Plaintiffs would have had to file this motion on February 15, 2021, just one business day after receiving Mr. Bailey's complaint, to meet that deadline. *See* C.D. Cal. L.R. 6-1 (requiring that the notice of motion be filed 28 days in advance of the hearing date). Given the procedural posture of this case, it would have been impossible to learn of Nike, Inc.'s involvement before then. As such, Plaintiffs move under Federal Rule of Civil Procedure 16 to amend the scheduling order and under Federal Rule of Civil Procedure 15 for leave to file a Third Amended Complaint.

### III. ARGUMENT

#### A. Good Cause Exists to Amend the Court's Scheduling Order

A party seeking to amend a pleading after the date specified in a scheduling order must first show "good cause" for the amendment under Federal Rule of Civil Procedure 16(b). *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992). This standard "primarily considers the diligence of the party seeking the amendment." *Id.* at 609; *see also Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000). "The district court may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" *Johnson*, 975 F.2d at 609 (quoting Fed. R. Civ. P. 16 advisory committee's notes (1983 amendment)). Courts have found good cause to exist when "[a]dding a relevant defendant . . . , even when an amendment

PLTFS' MTN FOR LEAVE TO FILE A THIRD AMENDED COMPLAINT  4

comes later in the litigation," particularly where "there has been no undue delay by [the moving party], the case is still at the discovery stage, and there is no evidence that [the new defendant] is prejudiced by the timing of [the moving party's] proposed amendment." *Abels v. JBC Legal Grp., P.C.*, 229 F.R.D. 152, 157 (N.D. Cal. 2005) (citing *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 188 (9th Cir. 1987)).

"A moving party may establish 'good cause' under Rule 16(b)(4) by showing that (1) she was diligent in assisting the court in crafting a workable scheduling order; (2) her noncompliance with a deadline occurred notwithstanding diligent efforts to comply because of matters that were not reasonably foreseeable or anticipated at the time of the scheduling conference; and (3) she was diligent in seeking amendment once it became apparent that she could not comply with the order." *In re Silver Wheaton Corp. Sec. Litig.*, No. 2:15-cv-5146-CAS, 2018 WL 1517130, at *6 (C.D. Cal. Mar. 26, 2018) (citing *Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 607 (E.D. Cal. 1999)). "The Court also considers the existence and degree of prejudice to the non-moving parties in determining whether there is good cause to permit modification." *Id.* at *6-7 (citing *Johnson*, 975 F.2d at 609)). Good cause exists here.

Plaintiffs acted diligently in attempting to comply with the Court's March 15 deadline to amend the complaint. Because of the procedural posture in this case, there was no independent way for Plaintiffs to learn the contents of Mr. Bailey's email to Nike, Inc. by February 15, 2021. Discovery only began a month ago. ECF No. 51; ECF No. 56. While Plaintiffs immediately noticed several depositions, the dates of those depositions have been continued so as to accommodate Defendants' schedule. Washington Decl. ¶¶ 6(a)-(d). No depositions have been taken yet. *Id.* In addition, Defendants have represented they will produce at least some responsive documents but only after a protective order in place. *Id.* ¶ 6(e). The only production served to date in this case is the 254-page initial production Plaintiffs served with their initial disclosures. *Id.* ¶¶ 6(e)-(g).

Thus, Plaintiffs could only have learned about Nike Inc.'s involvement in this dispute on Thursday, February 11, 2021, when it received a copy of Mr. Bailey's complaint to Nike, Inc. To meet the Court's March 15, 2021 deadline, Plaintiffs would have had to file a motion for leave to add Nike, Inc. as a party by Monday, February 15, 2021. *See* ECF No. 56 (setting March 15, 2021 as the deadline by when all motions to add a party must be heard); C.D. Cal. L.R. 6-1 (requiring that the notice of motion be filed 28 days in advance of the hearing date). This would have been impossible. Plaintiffs needed time to assess the scope of Nike, Inc.'s liability and to meet and confer with Defendants regarding a potential stipulation. Plaintiffs could not have done either of these things, let along both, in just one business day.

After learning of Mr. Bailey's complaint, Plaintiffs' counsel promptly asked Defendants to stipulate to allow Plaintiffs to amend the complaint and name Nike, Inc. as a Defendant. Washington Decl. ¶ 5; Emails among the Parties' Counsel ("M&C Email"), Washington Decl., Ex. 4 at 4. Plaintiffs' counsel followed up on both Tuesday, February 23, 2021 and Friday, February 26, 2021. Washington Decl. ¶ 5; M&C Email at 3. Towards the end of the business day on Friday, February 26, 2021, Defendants informed Plaintiffs that they would not stipulate. Washington Decl. ¶ 5; M&C Email at 1. Plaintiffs intended to file this motion by the end of the following week. Washington Decl. ¶ 5. On Thursday, March 4, 2021, the Court issued its order dismissing Plaintiffs' Bane Act and Negligent Supervision and Retention Claims and ordering Plaintiffs to file an amended complaint by March 12, 2021. ECF No. 68. Plaintiffs filed their Second Amended Complaint by the Court's deadline, ECF No. 69, and filed this motion on the very next business day. Plaintiffs have acted with the diligence required to satisfy Rule 16's good cause standard.

The remaining factors also weigh in favor of amendment. Plaintiffs met and conferred with Defendants regarding a proposed case management schedule, reached agreement with Defendants, and timely filed a Rule 26(f) report on January 25, 2021 setting forth the Parties' proposed case management schedule. While the Court set a

different schedule than the one proposed by the parties, Plaintiffs were diligent in assisting the Court in this regard. Moreover, a "late amendment" will not prejudice Nike, Inc. because it will have ample opportunity to respond to the allegations in Plaintiffs' Third Amended Complaint. Again, discovery has only just begun—despite Plaintiffs' efforts to move the process along, depositions have not yet been taken and the existing Defendants have not yet produced any documents. Courts have found good cause to exist in cases that are significantly more developed. *See, e.g.*, *M.H. v. Cty. of Alameda*, No. 3:11-cv-02868-CW, 2012 WL 5835732, at *9-12 (N.D. Cal. Nov. 16, 2012) (finding good cause to amend a complaint where the plaintiffs "could not have ascertained [the defendant's] identity prior to discovery"); *Mendoza v. Whitehouse*, No. 4:07-cv-01138-CW, 2008 WL 2684120, at *10 (N.D. Cal. July 3, 2008) (citing *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980)) (noting that a "plaintiff should be given an opportunity through discovery to identify the unknown defendants"). The scheduling order must be modified to allow Plaintiffs an opportunity to amend their complaint.

**B.    Plaintiffs Satisfy the Liberal Standard for Granting Leave to Amend**

Federal Rule of Civil Procedure 15 provides that a party may amend its pleading only by leave of court or by written consent of the adverse party and that leave shall be freely given "when justice so requires." Fed. R. Civ. P. 15. The Ninth Circuit has instructed that the policy favoring amendments "is to be applied with extreme liberality." *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990). Courts commonly consider these factors when determining the propriety of a motion for leave to amend: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, and (4) futility of amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1962). "Of the *Foman* factors, undue prejudice is the most important, and the burden is on the opposing party to show prejudice." *Moshe v. TapIn2, Inc.*, No. 2:18-cv-09234-RGK-GJS, 2019 WL 1883912, at *5 (C.D. Cal., Apr. 8, 2019) (citing *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003)). Absent prejudice, or a strong showing of any of the remaining *Foman* factors, a presumption in favor of granting leave to amend

1 | exists under Rule 15(a). *Id.* Undue delay, alone, is insufficient to justify a denial of such a motion. *Bowles v. Reade*, 198 F.3d 752, 758 (9th Cir. 1999). Plaintiffs' motion easily clears the low bar set by Rule 15.

None of the *Foman* factors are applicable here. Plaintiffs' diligence in informing Defendants of the intended amendment promptly upon receiving new information about Nike, Inc. stymies any argument of undue delay or bad faith. Defendants have had notice of Plaintiffs' intentions for almost a month. Meaningful discovery has not begun, and no existing party will experience any injustice. There can be no genuine claim of prejudice under these circumstances.

In addition, the amendment is not futile. A parent company may be found liable for its subsidiary's discriminatory conduct if "(a) the parent company so dominates the subsidiary's operations that the two are one entity and therefore one employer, or (b) the parent company is linked to the alleged discriminatory action because it controls 'individual employment decisions.'" *See, e.g.*, *Dalton v. Manor Care of W. Des Moines IA, LLC*, 986 F. Supp. 2d 1044, 1056 (S.D. Iowa 2013) (quoting *Brown v. Fred's, Inc.*, 494 F.3d 736, 739 (8th Cir. 2007) and citing *Sandoval v. American Building Maintenance Industries, Inc.*, 578 F.3d 787, 795-96 (8th Cir. 2009)). In *Sandoval*, for example, the plaintiff survived a motion for summary judgment on this very issue by showing that the parent corporation entered into an agreement with the subsidiary to provide services, including accounting, administrative, and human resources services. 578 F.3d at 796. One of the services was the development and distribution of an employee handbook, guidance documents, and forms. *Id.* Even with Plaintiffs' limited visibility into Nike's corporate structure, they certainly allege enough facts to survive a motion to dismiss. Nike, Inc.'s Chief Ethics & Compliance Officer of Nike, Inc. authors the "Welcome" note in Nike's Code of Conduct, which is widely distributed to Nike Retail employees and contains policies that Nike Retail employees are expected to follow. Washington Decl., Ex. 2 at 1. The document is similar to an employee handbook in *Dalton*, which the Court held was enough to establish "sufficient control" by a parent

over a subsidiary:

> In the present case, Dalton provided the Court with an employee handbook, which had "HCR ManorCare" emblazoned on the front and back covers; declared "[w]e, the employees of HCR ManorCare," in the first sentence of the Vision Statement on the inside cover; and stated "[w]elcome to the HCR ManorCare team! I'm pleased that you've decided to join me in working for a company dedicated to delivering quality service," in the message from Chairman, President, and CEO of HCR ManorCare, Paul A. Ormond. These types of representations—that the recipient of the handbook is an employee of HCR ManorCare—are present throughout the handbook.

986 F. Supp. 2d at 1057. Defendants cannot carry their burden and the motion for leave to amend must be granted.

## IV. CONCLUSION

Good cause exists to amend the scheduling order, and there is no reason whatsoever to stray from the Ninth Circuit's policy to liberally allow parties to amend their pleadings. Neither the existing Defendants nor Nike, Inc. will be prejudiced. This Court should grant Plaintiffs leave to file their Third Amended Complaint and accompanying exhibits, all of which are attached as Exhibit 6 to the Declaration of David Clay Washington.

Dated: March 15, 2021                  Respectfully Submitted,

HADSELL STORMER RENICK & DAI LLP

By  /s/ - David Clay Washington
  Dan Stormer
  Barbara Enloe Hadsell
  David Clay Washington
  Hanna Chandoo
Attorneys for Plaintiffs

PLTFS' MTN FOR LEAVE TO FILE A THIRD AMENDED COMPLAINT    9