Barbara Enloe Hadsell, Esq. [S.B. #086021]
Dan Stormer, Esq. [S.B. #101967]
David Clay Washington, Esq. [S.B. #305996]
Hanna Chandoo, Esq. [S.B. #306973]
HADSELL STORMER RENICK & DAI LLP
128 N. Fair Oaks Avenue
Pasadena, California 91103
Telephone: (626) 585-9600
Facsimile: (626) 577-7079
Emails: bhadsell@hadsellstormer.com
        dstormer@hadsellstormer.com
        dwashington@hadsellstormer.com
        hchandoo@hadsellstormer.com

Attorneys for Plaintiffs
JOEL STALLWORTH, TAMIYA DICKERSON,
and Minor Plaintiff S.S.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOEL STALLWORTH, TAMIYA DICKERSON, and Minor Plaintiff S.S., <br><br> Plaintiffs, <br><br> v. <br><br> NIKE RETAIL SERVICES, INC., WENDY MAGEE, NIKE, INC., and DOES 2-10, <br><br> Defendants. | Case No.: 2:20-cv-05985-VAP (GJSx) <br><br> [Assigned to the Honorable Virginia A. Phillips – Courtroom #8A] <br><br> **PLAINTIFFS' OBJECTION AND REQUEST TO STRIKE PORTIONS OF DEFENDANTS NIKE RETAIL SERVICES, INC.'S AND NIKE, INC.'S REPLY IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT AND TO JOINDER OF DEFENDANT WENDY MAGEE** <br><br> DATE:     November 8, 2021 <br> TIME:     2:00 p.m. <br> CRTRM:   8A <br><br> Complaint filed:  July 4, 2020 <br> Disc. Cut-Off:    September 1, 2021 <br> Motion Cut-Off:  November 8, 2021 <br> Trial Date:      December 7, 2021 |

1    Plaintiffs object to page 9 line 26 through page 10 line 8, page 10 lines 25

2    through 28, and page 7 line 6 through 9 line 2 (as applied by Defendants to their Ralph

3    Act argument) of Defendants' Reply. Defendants make new arguments that Plaintiffs

4    are not entitled to relief under section (b)(2) of the Ralph Act—an argument Defendants

5    squarely did not make in their Motion.

6    The Ninth Circuit has rejected attempts by moving parties to make new

7    arguments in reply. "[W]e 'review only issues which are argued specifically and

8    distinctly in a party's opening brief.'" *Indep. Towers of Wash. v. Washington*, 350 F.3d

9    925, 929 (9th Cir. 2003) (citation omitted); *see also Zamani v. Carnes*, 491 F.3d 990,

10   997 (9th Cir. 2007) ("The district court need not consider arguments raised for the first

11   time in a reply brief."); *Tovar v. U.S. Postal Serv.*, 3 F.3d 1271, 1273 n.3 (9th Cir.

12   1993) (striking new information from a reply brief); *State of Nev. v. Watkins*, 914 F.2d

13   1545, 1560 (9th Cir. 1990) (declining to address an argument made for the first time in

14   a reply brief because it would be unfair to the opposing party). This Court in particular

15   does the same. *United States v. Mylife.Com, Inc.*, 499 F. Supp. 3d 757, 766 (C.D. Cal.

16   2020) ("The Court will not consider a new argument raised for the first time in

17   Reply."); *Hill v. Opus Corp.*, 464 B.R. 361, 403 n.154 (C.D. Cal. 2011). At no point in

18   their motion for summary judgment or beforehand in this case did Defendants raise any

19   argument related to subsection (2) of Cal Civ. Code Section 51.7(b). Their arguments

20   regarding it should thus be stricken.

21   If the Court chooses to consider the new arguments and new cases that Defendant

22   raises for the first time in reply, Plaintiffs submit the following: Defendants never had a

23   right to file a false police report. *See* Cal. Penal Code, Ch. 7 S. 148.5. Analysis of AB

24   1775's application in the context of the Ralph Act is slightly different from the issue of

25   *privilege* under 47(b) in that unlike a privilege raised in litigation, subsection (b) of the

26   Ralph Act addresses the type of harm that is actionable under the Ralph Act. Notably,

27   subsection (b) does not alter any preexisting case law cited by Defendants. Rather, AB

28   1775 simply *clarifies* that "'intimidation by threat of violence' includes making or

threatening to make a claim or report to a peace officer or law enforcement agency that falsely alleges that another person has engaged in unlawful activity." The Assembly Floor Analysis of AB 1775 makes this clear, stating that "the bill amends the Ralph Civil Rights Act to *clarify* that 'intimidation by threat of violence' includes making a false report to police." California Assembly Bill 1775 –Assembly Floor Analysis, August 29, 2020, at 2 (emphasis added). The Senate Floor Analysis uses identical language. California Assembly Bill 1775 – Senate Floor Analysis, August 24, 2020, at 3.

Setting aside Defendants' waiver of this argument, and setting aside Plaintiffs' primary arguments (a) regarding Magee's own conduct and (b) that the police, in light of the evidence showing their decision to do Magee's bidding, were acting as agents of Defendants (*see* CACI No. 3063 and 3064 [Ralph Act] Directions for Use, providing "Liability may also be found if a defendant aids, incites, or conspires in the denial of a right protected under Civil Code section 51.7."), the fact remains that Magee's report to the police is *itself* similarly actionable under the subsection (b) of the Ralph Act. Defendants have not, and cannot, cite to a single case holding that such a false report does not amount to "intimidation by threat of violence" under the Ralph Act. Rather, Defendants assume, without support, that the clarifying language included as result of AB 1775 creates new rights and obligations. But as mentioned above, the language of the bill itself, along with the floor analyses, shows that at best, subsection (b) of the Ralph Act simply *clarifies* that Section 47(b) of the California Civil Code does not provide a privilege that Ralph Act defendants are entitled to raise in litigation.

As mentioned in Plaintiffs' opposition (Dkt No. 135 at 14-16), the 47(b) privilege claimed by Defendants does not raise a question of retroactivity. The two *pro se* cases from which Defendants cite unreported magistrate reports and recommendations for the first time in Reply (*Redick v. Lowe's Home Ctrs., LLC*, No. 1:21-cv-00358, 2021 U.S. Dist. LEXIS 147280 (E.D. Cal. Aug. 5, 2021) and *Gonzales v. City of L.A.*, No. 2:20-CV-03519-JGB (MAA), 2021 U.S. Dist. LEXIS 102083, at *18 (C.D. Cal. Mar. 10,

1    2021)) are inapposite to the Ralph Act, as neither address the Ralph Act at all.

2    Moreover, neither of the cases cited by Defendants address the fundamental

3    question, argued by Plaintiffs in their opposition, of whether the 47(b) litigation

4    privilege, raised after AB 1775 came into effect in response to behavior that was never

5    legal, is limited to the language of that subsection as it existed before the privilege was

6    raised. It clearly is not. *See Moore v. Rodriguez*, No. 20-cv-01481-BAS-BGS, 2021

7    U.S. Dist. LEXIS 103725, at *32 (S.D. Cal. June 2, 2021) (applying the amendment to

8    police reports made in September 2018). This is so because "[c]hanges to the law [ ] are

9    not necessarily considered retroactive even if their application involve the evaluation of

10   civil or criminal conduct occurring before enactment." *Quarry v. Doe I*, 53 Cal. 4th 945,

11   956 (2012). "In a principle of significance to the present case, changes to rules

12   governing *pending litigation*, for example, frequently have been designated as

13   prospective." *Id.* (emphasis in original). "The prospective applies even though the trial

14   concerns conduct that occurred prior to the enactment of the new law." *Id.* There can be

15   no doubt that "Civil Code section 47 states a statutory privilege, not a constitutional

16   protection." *Lefebvre v. Lefebvre*, 199 Cal. App. 4th 696, 705 (2011). Here, there has

17   been no alteration of any right, as Defendants *never had a right to file a false report*

18   *with police. Id.* at 706. Thus, Section 47(b)(5) applies to this case, its application here

19   raises no question of retroactivity and, in any event, the Ralph Act squarely provides

20   relief.

21   / / /

22   / / /

23   / / /

24

25

26

27

28

1    For the reasons stated above, Plaintiffs respectfully request that the Court strike

2    page 9 line 26 through page 10 line 8, page 10 lines 25 through 28, and page 7 line 6

3    through 9 line 2 (as applied by Defendants to their Ralph Act argument) of Defendants'

4    Reply (Dkt No. 139). Additionally, if the Court is not inclined to strike these portions of

5    Defendants' Reply, Plaintiffs request that the Court deny Defendants' motion for

6    summary judgment with respect to Plaintiffs' Ralph Act claim.

7

8    Dated: October 27, 2021                    Respectfully Submitted,

9                                               HADSELL STORMER RENICK & DAI LLP

10

11                                              By:  /s/ - David Clay Washington
12                                                   Barbara Enloe Hadsell
                                                     Dan Stormer
13                                                   David Clay Washington
                                                     Hanna Chandoo
14                                              Attorneys for Plaintiffs

15

16

17

18

19

20

21

22

23

24

25

26

27

28