BETH KAHN (SBN 134158)
BKahn@ClarkHill.com
LISA REIMBOLD (SBN 261321)
LReimbold@ClarkHill.com
1055 WEST SEVENTH STREET, SUITE 2400
LOS ANGELES, CA 90017
Telephone:   (213) 891-9100
Facsimile:   (213) 488-1178

Attorneys for Defendant
WENDY MAGEE

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOEL STALLWORTH, TAMIYA DICKERSON, AND MINOR PLAINTIFF S.S., <br><br> Plaintiffs, <br><br> v. <br><br> NIKE RETAIL SERVICES, INC., WENDY MAGEE, AND DOES 1-10, <br><br> Defendants. | Case No. 2:20-CV-05985-VAP-GJS <br><br> **DEFENDANT WENDY MAGEE'S MOTION IN LIMINE NO. 3 TO BAR "ME TOO" EVIDENCE; DECLARATION OF LISA REIMBOLD** <br><br> Complaint filed:   July 4, 2020 <br> Judge:   Virginia A. Phillips <br> Courtroom: 8A <br><br> Date: November 29, 2021 <br> Time: 2:30 p.m. |

**TO ALL PARTIES HEREIN AND TO THEIR RESPECTIVE COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that Defendant, WENDY MAGEE ("Magee"), will, and hereby does, move this Court for an Order *in limine*, prohibiting Plaintiffs Joel Stallworth, Tamiya Dickerson, and minor Plaintiff S.S. ("Plaintiffs") and their attorneys, and witnesses, from introducing evidence of allegations of discrimination by other individuals who are not named in this action.

Magee expects that, absent an order by this Court to the contrary, Plaintiffs will attempt to introduce testimony of other individuals claiming they were also discriminated against by Magee. Each of these individuals are, or were, employees of Nike. Plaintiffs have no similarly situated witnesses (i.e. customers) who allege Magee discriminated against them. Such testimony must be barred as the individuals are not similarly situate to Plaintiffs and the testimony is irrelevant, and therefore inadmissible.

Magee moves the Court *in limine* for an order instructing Plaintiffs and their counsel that testimony, documents, or any other alleged evidence of discrimination shall be limited to the claims asserted by Plaintiffs, and that no testimony, documents or alleged evidence of discriminatory treatment towards individuals other than Plaintiffs shall be introduced.

This Motion is based upon Federal Rules of Evidence 401, 402, and 403, the accompanying Memorandum of Points and Authorities, the pleadings and other papers in the court file, and any other evidentiary material and/or argument as the Court might permit.

*/s/ Lisa Reimbold*
Lisa Reimbold

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

Magee anticipates that Plaintiffs may seek to present their case to the jury by attempting to introduce evidence of alleged acts of discrimination toward individuals other than Plaintiffs, including former or current employees of Nike Retail Services, Inc. and/or Nike, Inc. (collectively referred as "Nike"). Plaintiffs seek to parade former employees before the jury, each alleging varying degrees of allegations related to their employment, including denied promotions and disciplinary actions. These allegations are unproven, highly disputed, and will cause trials within the trial if permitted in this case. Further, notably, this is not an employment law case and the Plaintiffs were never employed with Nike. Federal (and California) authorities evaluating the admissibility of "me too" evidence focus on employment law cases and similar conduct applied to other employees. In this case, Plaintiffs were customers in the Nike store and Magee only followed them after another employee reported his belief that Plaintiffs failed to pay for the basketball. As such, evidence of alleged (and disputed) employee allegations related to promotions, transfers, suspected conflicts of interest, and potential abuse of the employee discounts are not similar to Plaintiffs claims in this case.

Thus, claims of discrimination involving anyone other than the named Plaintiffs are improper and should not be introduced at trial. Unsupported claims of discrimination against non-parties should be excluded for two reasons: (1) evidence of allegations by non-parties is irrelevant to Plaintiff's claim of discrimination and; (2) even if relevant, the probative value of such evidence is substantially outweighed by the danger of unfair prejudice and the considerations of undue delay. See Kelly-Zurian v. Wohl Shoe Co., Inc., 22 Cal. App. 4th 397, 410-411 (1994); see Fed. R. Evid. 403; see Moran v. Selig 447 F.3d 748, 755 (9th Cir. 2006). In particular, Plaintiffs cannot establish that the subject "me too" evidence is relevant as Plaintiffs are not similarly situated to the alleged "me too" witnesses who are former employees complaining of contested adverse personnel decisions. Further, even if

"me too" employee testimony was relevant (which Magee disputes), the probative value of that evidence is heavily outweighed by the danger of unfair prejudice and undue delay. As such, Magee asks that this Court issue an order instructing Plaintiffs and their counsel that testimony, documents and alleged evidence of discrimination shall be limited to Plaintiffs' claims, and that no testimony or evidence of discriminatory treatment towards individuals other than Plaintiffs shall be introduced.

## II.   ANTICIPATED TESTIMONY AT ISSUE

In Opposition to the Motion for Summary Judgment or in the Alternative Summary Adjudication (the "Opposition"), Plaintiffs utilized multiple disputed allegations from former employees of Nike, including "me too" type evidence. Below are several examples of the type of "me too" evidence Magee anticipates Plaintiffs will seek to introduce at trial:

### A.   Brittney Shaw ("Shaw")

Plaintiffs provided contested allegations by Shaw that Magee (1) allegedly took no action when an employee used the "N-word" while at work, (2) accommodated white employees and allowed white employees to use her office over other races, (3) forced out all or nearly all of the management level employees of color, (4) pried into her social media page and questioned Shaw about whether her side business constituted a conflict of interest, (5) created a new position for Shaw which Shaw considered a demotion, (6) initiated a sexual harassment investigation against Shaw and (7) that Magee had an alleged reputation for being racist. [ECF No. 137, 65:4-66:6 (Plaintiff's Fact Nos. 28-34)]

### B.   Cameron Bailey ("Bailey")[1]

In support of their Opposition, Plaintiffs relied on a July 13, 2016 complaint by former Nike employee, Bailey, regarding Magee. [ECF Nos. 133-39, 137, 67:23-69:5 (Plaintiff's Fact Nos. 42-45)] The deposition of Bailey was noticed multiple

---

[1] Bailey is also the subject of another Motion in which the Defendants jointly request his exclusion based on his failure to appear for deposition.

times in the case and was the subject of a motion to compel. [ECF No. 113] Even after this Court's Order which required Bailey to appear for deposition, he has never appeared. [ECF No. 140, 1:12-2:16]

### C.  Mike Murphy ("Murphy")[2]

In support of their Opposition, Plaintiff's attached a declaration of former Nike employee, Murphy. [ECF No. 133-6] Murphy's declaration describes his alleged interactions with Magee for "a few months" in 2017. Murphy alleged that Magee insisted that only she could ring up his in-store purchases, that she required more rigorous door checks on Black employees as they left, and that on multiple occasions Magee asked employees to keep an eye on Black customers as they shopped. [ECF No. 133-6]

### D.  Stephen Garcia ("Garcia")

In support of their Opposition, Plaintiffs included testimony of former employee Garcia. Garcia testified that Magee questioned him on his intent to buy shoes and implied she suspected he intended to resell the shoes. [ECF 134-5, 39:19-40:22] While not cited by Plaintiffs, Garcia admitted that he did not believe these conversations had anything to do with his race. [ECF 134-5, 41:3-8] Garcia further testified that the back of the house employees were all people of color and there was no real effort to transfer those employees as their site location was closing, despite that management, who were white, were being transferred. [ECF No. 134-5, 68:20-25] Garcia admitted however that Magee never mistreated him and never used any racial epithets. [ECF No. 134-5, 68:4-12]

### E.  Other Witnesses, Disclosed Long After the Fact Discovery Cut-Off

Moreover, Plaintiffs served supplemental initial disclosures on September 30, 2021—nearly seven months after the parties had agreed to exchange initial disclosures, and a full month *after the fact discovery cut-off*—wherein they disclosed, for the first time, the names of five additional individuals from whom they

---

[2] Murphy is also the subject of another Motion in which the Defendants jointly request his exclusion based on his failure to appear for deposition.

apparently intend to offer "me too" evidence, *i.e.* Cyndi Benavides, Nohan Cruz, Malcolm Ford, Ismael Pena and Roberto Pocasange.  Reimbold Decl., ⁋3, Exh. A.

## III.   ARGUMENTS

### A.   The Court's Authority to Limit or Preclude Evidence Before it is Offered.

This Court may preclude or limit "anticipated prejudicial evidence before the evidence is actually offered" to a jury by granting a motion in limine. Luce v. United States, 469 U.S. 38, 40, fn. 2 (1984). See also Brodit v. Cambria, 350 F.3d 985, 1004-1005 (9th Cir. 2003). The purpose of such a motion is to avoid the future attempt to "unring the bell" when prejudicial evidence is offered and then stricken at trial. McEwen v. City of Norman, Okla., 926 F.2d 1539, 1548 (10th Cir. 1991).

### B.   Non-Party Allegations of Discrimination Are Irrelevant and Plaintiffs are Not Similarly Situated to "Me Too" Witnesses.

Evidence of non-parties' allegations of discrimination is irrelevant to this matter. Only relevant evidence is admissible at trial. See Fed. R. Evid. 402. "Relevant evidence" is defined as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. Evidence of discrimination against non-parties is not relevant to determining whether or not Plaintiff experienced discrimination. See Kelly-Zurian, 22 Cal. App. 4th at 410-411 (holding that claims that alleged harasser had sexually harassed other employees was irrelevant to determination of harassment against the plaintiff.)

It is established that evidence of an employer's past discriminatory or retaliatory behavior toward *other employees* may be relevant to whether an employer discriminated or retaliated against a plaintiff. See Sprint v. Mendelsohn, 552 U.S. 379 (2008); Parker v. HUD, 891 F.2d 316, 321 (D.C.Cir.1989); Jones v. WMATA, 946 F.Supp. 1011, 1019 (D.D.C.1996), aff'd in part and vacated in part on other grounds, 205 F.3d 428 (D.C.Cir.2000); Hayes v. Sebelius 806 F. Supp.2d 141(D.

D.C 2011) ("such testimony is neither per se admissible or per se inadmissible, but depends on the facts of a given case and how closely related the evidence is to the plaintiff's circumstances and theory of the case.") As the Supreme Court has explained, such testimony is neither per se admissible nor per se inadmissible; the question whether such testimony is relevant and sufficiently more probative than unfairly prejudicial in a particular case is "fact-based and depends on many factors, including how closely related the evidence is to the plaintiff's circumstances and theory of the case." Sprint v. Mendelsohn, 552 U.S. at 387-388.

In evaluating employment law cases, courts consider whether such past discriminatory behavior by the employer is close in time to the events at issue in the case, whether the same decisionmakers were involved, whether the witness and the plaintiff were treated in a similar manner, and whether the witness and the plaintiff were otherwise similarly situated. See Coles v. Perry, 217 F.R.D. 1, 9-10 & n. 5 (D.D.C.2003); see also, Hayes, 806 F.Supp.2d at 144-145 ("Factors that courts consider in the inquiry include (1) whether past discriminatory or retaliatory behavior is close in time to the events at issue in the case, (2) whether the same decisionmaker was involved, (3) whether the witness and plaintiff were treated in the same manner, and (4) whether the witness and plaintiff were otherwise similarly situated.")

In the present case, Plaintiffs were never employed with Nike. Further, the "me too" evidence Plaintiffs seek to introduce is related to alleged personnel decisions, all disputed, some remote in time, and not even tangentially relevant to the present case. No witnesses have ever accused Magee of making racial epithets or other statements which overtly contain racial undertones. Rather, each of the alleged "me too" witnesses personally interpreted that the undesirable personnel decisions were due to their race. As such, in order to utilize this alleged "me too" evidence, *arguendo*, Plaintiffs would be required to present trials within the trial, in order to establish any evidence and for the jury to evaluate Magee's alleged motives.

If such mini-trials were to occur, at the end the jury would be left with conclusions unrelated to the subject lawsuit as Nike's former employees are not similarly situated to the Plaintiffs. Therefore, evidence of such alleged conduct is inadmissible and should be precluded.

**C.      Even If It Were Relevant, The Probative Value of Non-Party Allegations of Discrimination Would Be Outweighed by Considerations of Unfair Prejudice.**

Even if technically relevant (which Magee disputes) evidence of non-parties' allegations of discrimination would be inadmissible under Federal Rule of Evidence 403. Rule 403 renders relevant evidence inadmissible where "its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Any proffered evidence of non-parties' allegations of discrimination should be excluded for both reasons. The issue in this case is whether on July 5, 2019 Magee had racial animus towards Plaintiffs when she asked them for receipt and gained the assistance of the Santa Monica Police Department. The only evidence relevant to this issue is evidence illustrative of Magee's treatment of Plaintiffs during the incident. There is no probative value to the evidence pertaining to the experiences of employees at Nike. Even if, *arguendo*, this Court were to find any probative value, such is, at best, slight—particularly as no employee alleges any overt racial statements or actions by Magee. However, the prejudicial effect of such evidence would be immense.

Allowing evidence of other individuals' allegations would not assist Plaintiffs in proving the elements of their claims and would give rise to a forum for airing grievances by current or former employees, none of whom have claims similar to the allegations in this case and the individuals are not similarly situated. Granting unbridled permission to Plaintiffs to offer stories from unrelated parties would result in nothing more than undue delay and a waste of judicial resources. If Plaintiffs are

permitted to present "me too" witnesses a trial, this was significantly multiple the duration of the case and cause undue harm to Magee.

**D.     Plaintiffs' Late Disclosure of Several Additional "Me Too" Witnesses Provides a Separate and Independent Basis Requiring Their Exclusion.**

In addition to the foregoing considerations, the Court should also exclude testimony from the witnesses Plaintiffs disclosed for the first time on September 30, 2021 due to the lateness of the disclosures, which came nearly seven months after the parties agreed to exchange initial disclosures, and a full month after the fact discovery cut-off.   Although Rule 26(e) permits a party to supplement its initial disclosures required under Rule 26(a), any such supplementation must be done "in a timely manner." Hoffman v. Constr. Protective Servs., Inc., 541 F.3d 1175, 1179 (9th Cir. 2008).  "Rule 37(c)(1) gives teeth to these requirements by forbidding the use at trial of any information required to be disclosed by Rule 26(a) that is not properly disclosed." Id. (citation omitted).  "Rule 37(c)(1) is a 'self-executing,' 'automatic' sanction designed to provide a strong inducement for disclosure." Goodman v. Staples The Office Superstore, LLC, 644 F.3d 817, 827 (9th Cir. 2011). Here, Plaintiffs' disclosure of several additional purported witnesses well after the fact discovery cutoff provides a further ground requiring their exclusion.  See id.; see also Ollier v. Sweetwater Union High School Dist., 267 F.R.D. 339, 344 (S.D. Cal. 2010) (excluding witnesses where party waited "until long after the close of discovery" to disclose them).

**IV.   CONCLUSION**

Allowing Plaintiffs to introduce irrelevant and unsupported claims of discrimination against non-parties would violate the Federal Rules of Evidence. Even if such evidence would be marginally relevant (which Defendant denies), its probative value is substantially outweighed by dangers of undue prejudice. For the foregoing reasons, Magee requests that her Motion in limine be granted, prohibiting

Plaintiffs from referencing alleged discrimination against non-parties.

Dated:  November 1, 2021          CLARK HILL LLP


                                 By: /s/ Lisa Reimbold
                                    Beth Kahn
                                    Lisa Reimbold

                                 Attorneys for Defendant
                                 WENDY MAGEE

### <u>DECLARATION OF LISA REIMBOLD</u>

I Lisa M. Reimbold, hereby state and declare:

1.  I am an attorney duly authorized to practice law before this Court.

2.  I am senior counsel at CLARK HILL LLP, attorneys for Defendant WENDY MAGEE ("Defendant" or "MAGEE") in the above-captioned matter brought by Plaintiffs Joel Stallworth, Tamiya Dickerson, and Minor Plaintiff S.S. ("Plaintiffs) (collectively, the "Parties").  I have personal knowledge of the facts set forth herein and could and would testify competently thereto if called upon to do so.

3.  Moreover, Plaintiffs served supplemental initial disclosures on September 30, 2021—nearly seven months after the parties had agreed to exchange initial disclosures, and a full month *after the fact discovery cut-off*—wherein they disclosed, for the first time, the names of five additional individuals from whom they apparently intend to offer "me too" evidence, *i.e.* Cyndi Benavides, Nohan Cruz, Malcolm Ford, Ismael Pena and Roberto Pocasange.  Attached hereto as **Exhibit A** is a true and correct copy of Plaintiff's Eighth Supplemental Rule 26 Initial Disclosures which were served in this matter on September 30, 2021.

4.  Pursuant to Local Rule 7-3, I met and conferred with counsel for Plaintiffs on October 25, 2021, wherein we discussed this Motion in Limine.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 1st day of November, 2021 in Los Angeles, California.

*/s/ Lisa Reimbold*
Lisa Reimbold

DEFENDANT WENDY MAGEE'S MOTION IN LIMINE NO. 3 TO BAR "ME TOO" EVIDENCE

# EXHIBIT A

Barbara Enloe Hadsell, Esq. [S.B. #086021]
Dan Stormer, Esq. [S.B. #101967]
David Clay Washington, Esq. [S.B. #305996]
Hanna Chandoo, Esq. [S.B. #306973]
HADSELL STORMER RENICK & DAI LLP
128 N. Fair Oaks Avenue
Pasadena, California 91103
Telephone: (626) 585-9600
Facsimile: (626) 577-7079
Emails: bhadsell@hadsellstormer.com
        dstormer@hadsellstormer.com
        dwashington@hadsellstormer.com
        hchandoo@hadsellstormer.com

Attorneys for Plaintiffs
JOEL STALLWORTH, TAMIYA DICKERSON,
and Minor Plaintiff S.S

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOEL STALLWORTH, TAMIYA DICKERSON, and Minor Plaintiff S.S., <br><br> Plaintiffs, <br><br> v. <br><br> NIKE RETAIL SERVICES, INC., WENDY MAGEE, NIKE, INC., and DOES 2-10, <br><br> Defendants. | Case No.: 2:20-cv-05985-VAP (GJSx) <br><br> [Assigned to the Honorable Virginia A. Phillips – Courtroom #8A] <br><br> **PLAINTIFFS' EIGHTH SUPPLEMENTAL RULE 26 INITIAL DISCLOSURES** <br><br> Complaint filed:   July 4, 2020 <br> Disc. Cut-Off:   September 1, 2021 <br> Motion Cut-Off:   November 8, 2021 <br> Trial Date:   December 7, 2021 |

Pursuant to the requirements of Rule 26 of the Federal Rules of Civil Procedure, Plaintiffs Joel Stallworth, TaMiya Dickerson, and Minor Plaintiff S.S. provide the following Eighth Supplemental Initial Disclosures of information and documents presently within their possession, custody, or control, which they may use to support their claims in this action.

Plaintiffs expect that as investigation, inquiry, research and discovery proceed in this case, more material that they may use to support their claims will be uncovered or discovered, including information, documents, or things within Defendants' possession, custody, or control.

It is anticipated that further independent investigation, discovery, legal research and analysis will supply additional facts, add meaning to the known facts, and establish entirely new factual conclusions and legal contentions, all of which may lead to substantial additions to, changes in and variations from the contentions herein set forth and documents identified and/or produced.

## I.  Disclosure of Individuals Likely to Have Discoverable Information (F.R.C.P. 26(a)(1)(A)(i))

Pursuant to Rule 26(a)(1)(A)(i) of the Federal Rules of Civil Procedure, the following is a list of those individuals currently known to Plaintiffs whom Plaintiffs believe are likely to have discoverable information regarding the merits of Plaintiffs' claims, except for impeachment or rebuttal. Plaintiffs are providing the addresses for those potential witnesses for whom Plaintiffs have such information, except for the Parties.

Plaintiffs reserve their right to call as a witness any individual identified by Defendants as a trial or expert witness. Plaintiffs also reserve the right to add, delete, or otherwise amend the witness list they now provide as they embark on discovery and preparation for trial.  Plaintiffs will supplement their Disclosures as required pursuant to Rule 26(e).

/ / /

PLAINTIFFS' EIGHTH SUPPLEMENTAL
RULE 26 INITIAL DISCLOSURES

-1-

## Parties

1. **Plaintiff TaMiya Dickerson**, c/o Hadsell Stormer Renick & Dai LLP.

2. **Plaintiff Joel Stallworth**, c/o Hadsell Stormer Renick & Dai LLP.

3. **Plaintiff Minor Child S.S.**, c/o Hadsell Stormer Renick & Dai LLP.

4. **Defendant Wendy Magee**, who is likely to have information regarding the agreements, policies, procedures, practices, and training she received from Defendant NIKE Retail Services, Inc. ("NIKE Retail"), complaints made against her, and orders, acts, and failures to act occurring on July 5, 2019.

5. **Defendant Nike Retail Services, Inc.**, by and through its officers, directors, managers, agents, and employees designated pursuant to Federal Rule of Civil Procedure 30(b)(6), who is likely to have information regarding the agreements, policies, procedures, practices, and training provided to its employees, as well as complaints made against Defendant Magee, and orders, acts, and failures to act occurring on July 5, 2019.

6. **Defendant Nike, Inc.**, by and through its officers, directors, managers, agents, and employees designated pursuant to Federal Rule of Civil Procedure 30(b)(6), who is likely to have information regarding the agreements, policies, procedures, practices, and training provided to its employees, as well as complaints made against Defendant Magee, and orders, acts, and failures to act occurring on July 5, 2019.

## Other Witnesses

1. **Bailey, Cameron**, former Nike employee who worked under Defendant Magee and complained to Nike entities regarding Magee's discriminatory conduct. Can be contacted through his attorney, Matthew Strugar, Esq., Law Office of Matthew Strugar, 3435 Wilshire Blvd., Suite 2910, Los Angeles, CA 90010-2015; (323) 696-2299; matthew@matthewstrugar.com.

2. **Baldonado Jr., Ernesto**, former Nike employee who worked under

Defendant Magee and is likely to have information regarding Magee's discriminatory conduct. (310) 908-5946.

3. **Benavides, Cyndi**, current Nike employee who worked under Defendant Magee and is likely to have information regarding Magee's discriminatory conduct.

4. **Biles, Simone**, former Nike partner and Olympic gold medalist, who is likely to have knowledge regarding discriminatory policies and practices at Nike, Inc. and Nike Retail Services, Inc. Can be contacted through her attorney, John Manly, Esq., at Manly, Stewart & Finaldi, 19100 Von Karman Avenue, Suite 800, Irvine, CA 92612; (949) 252-9990; jmanly@manlystewart.com.

5. **Cruz, Nohan**, current Nike employee who worked under Defendant Magee and is likely to have information regarding Magee's discriminatory conduct. 12639 Menlo Ave, Hawthorne, CA 90250. (310) 804-6614

6. **de la Cruz, James**, former Nike employee who worked under Defendant Magee and is likely to have information regarding Magee's discriminatory conduct. 7075 Lanewood Ave., APT 35, Los Angeles, CA 90028; (424) 512-2800.

7. **Emanuel, Officer Jacob**, who is likely to have information regarding the agreements, policies, procedures, practices, and trainings of the Santa Monica Police Department ("SMPD") and Defendant NIKE Retail, and the training he received from the SMPD.  Santa Monica Police Department, 333 Olympic Drive, Santa Monica, CA 90401; (310) 395-9931.

8. **Felix, Allyson**, former Nike partner and Olympic gold medalist, who is likely to have knowledge regarding discriminatory policies and practices at Nike, Inc. and Nike Retail Services, Inc. Can be contacted through her manager, Wesley Felix, at Evolve Management Agency, 4120 Mantova Drive, Los Angeles, CA 90008; (213) 254-5816; wes@alwaysevolve.co.

9. **Ford, Malcolm**, current Nike employee who worked under Defendant Magee and is likely to have information regarding Magee's discriminatory conduct.

10. **Garcia, Steven**, former Nike employee who worked under Defendant Magee and is likely to have information regarding Magee's discriminatory conduct. 1009 S. Truro Ave, Inglewood, CA 90301. (424) 223-2567; steven.garcia@lausd.net.

11. **Gonzalez, Eric**, former Nike Employee who worked with Magee and is likely to have information regarding Magee's discriminatory conduct. Egonzalez310@yahoo.com.

12. **Jaen, Officer Steven**, who is likely to have information regarding the agreements, policies, procedures, practices, and trainings of the Santa Monica Police Department ("SMPD") and Defendant NIKE Retail, and the training he received from the SMPD.  Santa Monica Police Department, 333 Olympic Drive, Santa Monica, CA 90401; (310) 395-9931.

13. **Jackson, Tim**, former Nike employee who worked under Defendant Magee and is likely to have information regarding Magee's discriminatory conduct. (310) 901-0860.

14. **Murphy, Mike**, former Nike Employee who worked under Defendant Magee and complained to Nike entities regarding Magee's discriminatory conduct. Can be contacted through his attorney, John Washington, Esq., Schonbrun Seplow Harris Hoffman & Zeldes, LLP, 9415 Culver Blvd., #115, Culver City, CA 90232; (310) 396-0731; jwashington@sshhzlaw.com.

15. **Padilla, Marcel**, friend, who is likely to have information regarding the harm suffered by Plaintiffs as a result of Defendants' conduct.  Contact through counsel.

16. **Perez, Lieutenant Maricela**, who is likely to have information regarding

the agreements, policies, procedures, practices, and trainings of the Santa
Monica Police Department ("SMPD") and Defendant NIKE Retail, and the
training she received from the SMPD.  Santa Monica Police Department,
333 Olympic Drive, Santa Monica, CA 90401; (310) 395-9931.

17. **Pena, Ismael,** current Nike employee, who worked under Defendant
Magee and is likely to have information regarding Magee's discriminatory
conduct.

18. **Pocasange, Roberto**, former Nike employee, who worked under
Defendant Magee and is likely to have information regarding Magee's
discriminatory conduct.  1330 Contra Costa Ave, San Pablo, CA 94806.

19. **Shaw, Brittney**, former Nike Employee who worked under Defendant
Magee and complained to Nike entities regarding Magee's discriminatory
conduct. Can be contacted through her attorney, Nancy B. Anfanger, The
Anfanger Law Office, 9440 Santa Monica Blvd., Suite 301, Beverly Hills,
CA 90210; (310) 402-8937; anfangerlaw@aol.com.

20. **Smith, Khalil**, friend, who is likely to have information regarding the
incident that is the subject of this lawsuit, as well as the harm suffered by
Plaintiffs.  Contact through counsel.

21. **Stewart, Shawn**, former coworker, who is likely to have information
regarding the harm suffered by Plaintiffs as a result of Defendants'
conduct.  Contact through counsel.

22. **Strayhorn, Renaldo**, therapist, who is likely to have information
regarding the harm suffered by Plaintiffs as a result of the incident that is
the subject of this lawsuit. 8235 Santa Monica Blvd, 4th Floor, West
Hollywood, CA 90046. (818) 753-6606.

23. **Suel, George**, therapist, who is likely to have information regarding the
harm suffered by Plaintiffs as a result of the incident that is the subject of
this lawsuit. 1545 Sawtelle Blvd, Suite 25, Los Angeles, CA 90025. (661)

219-1945.

24. **Thomas, Alicia**, former Nike employee who worked with Defendant Magee and is likely to have information regarding Magee's discriminatory conduct. (702) 756-1325; Foralicia702@gmail.com.

25. **Tran, Jenny**, Nike employee who worked under Defendant Magee and is likely to have information regarding Magee's discriminatory conduct. 4717 W. 142nd St., #C, Hawthorne, CA 90250. (310) 525-6671.

26. **Woods, Shaleah**, LCSW, who is likely to have information regarding the harm suffered by Plaintiffs as a result of the incident that is the subject of this lawsuit.  Cauley & Associates, 5757 Wilshire Blvd., #635, Los Angeles, CA 90036; (323) 931-6025.

27. **Zaldivar, Rebecca**, friend, who is likely to have information regarding the incident that is the subject of this lawsuit, as well as the harm suffered by Plaintiffs.  Contact through counsel.

28. **Current and former NIKE Retail employees who worked with Defendant Magee**, who are likely to have information regarding the agreements, policies, procedures, practices, and training provided by Defendant NIKE Retail Services, Inc. ("NIKE Retail"), complaints made against Defendant Magee, and orders, acts, and failures to act occurring on July 5, 2019.

29. **Current and former NIKE Retail and Nike Inc. corporate officers and personnel**, who are likely to have information regarding the agreements, policies, procedures, practices, and training provided by Defendant NIKE Retail Services, Inc. ("NIKE Retail"), complaints made against Defendant Magee, and orders, acts, and failures to act occurring on July 5, 2019.

30. **Individuals who were present on the Third Street Promenade on July 5, 2019**, who are likely to have information regarding the orders, acts and failures to act of Defendants and the SMPD and its officers on July 5,

2019.

31.    **Santa Monica Police Department ("SMPD")**, by and through its officers, directors, managers, agents, and employees designated pursuant to Federal Rule of Civil Procedure 30(b)(6), who is likely to have information regarding the agreements, policies, procedures, practices, and training provided to its officers, as well as complaints made against the officers who responded to this incident and Defendant Magee, and orders, acts, and failures to act occurring on July 5, 2019.

## II.    Disclosure of Documents (F.R.C.P. 26(a)(1)(A)(ii)

Pursuant to Rule 26(a)(1)(A)(ii) of the Federal Rules of Civil Procedure, Plaintiffs identify the following categories of documents, electronically stored information, and tangible things that Plaintiffs have in their possession, custody, or control and which may be used to support Plaintiffs' claims. Please note that these do not include documents produced by Defendants, which also may be used to support Plaintiffs' claims.

1.    All exhibits attached to Plaintiffs' Third Amended Complaint for Damages.

2.    All documents produced by all Parties in this case.

3.    Video and audio recordings of the incident.

4.    Photographs of Plaintiffs reflecting their past affinity for Nike.

5.    Social media posts and messages relating to Defendant Magee and the incident.

6.    Communications between Plaintiff Dickerson and coworkers reflecting the emotional harm suffered by Plaintiffs.

7.    Documents and videos created and/or received by the Santa Monica Police Department in connection with the incident.

8.    A declaration reflecting former Nike employee Mike Murphy's experience working with Defendant Magee.

9.   Documents reflecting Plaintiff Dickerson's mental health treatment after the incident (subpoenaed by and in possession of Defendants).

10.   Documents reflecting Plaintiff Stallworth's mental health treatment after the incident (subpoenaed by and in possession of Defendants).

11.   Nike Fiscal Year 2019 Impact Report.

12.   Nike advertisements and marketing material.

**III.   Disclosure of Computation of Damages (F.R.C.P. 26(a)(1)(A)(iii))**

It is too early in the litigation for Plaintiffs to offer more than a categorization of the types of damages which at this time they seek. At this time, Plaintiffs anticipate seeking damages in the following non-exhaustive list of categories:

1.   Special and general damages.

2.   Past lost income and benefits.

3.   Future lost income and benefits.

4.   Grief, emotional distress, pain, and suffering damages.

5.   Punitive damages.

6.   Prejudgment interest and post-judgment interest as available by law.

7.   Costs of suit.

8.   Reasonable attorneys' fees.

9.   All other damages authorized by statute or law.

/ / /

/ / /

/ / /

1       Given that many of these amounts will be awarded by a jury and are not

2  susceptible to easy quantification at this stage of the litigation, Plaintiffs cannot provide

3  an estimated figure for each category.

4

5  Dated: September 30, 2021                    Respectfully Submitted,

6                                              HADSELL STORMER RENICK & DAI LLP

7

8                                       By: _____

9                                              Dan Stormer
                                               Barbara Enloe Hadsell
10                                             David Clay Washington
                                               Hanna Chandoo
11                                      Attorneys for Plaintiffs

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## PROOF OF SERVICE

I am employed in the county of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is 128 N. Fair Oaks Avenue, Pasadena, California 91103.

On September 30, 2021, I served the foregoing document described as: **PLAINTIFFS' EIGHTH SUPPLEMENTAL RULE 26 INITIAL DISCLOSURES** on the interested parties in this cause by placing true and correct copies thereof in envelopes addressed as follows:

### SEE ATTACHED SERVICE LIST

XX   **BY ELECTRONIC MAIL**

 XX   I served the above-mentioned document electronically on the parties listed at the e-mail addresses above and, to the best of my knowledge, the transmission was complete and without error in that I did not receive an electronic notification to the contrary.

Executed on September 30, 2021, at Pasadena, California.

XX   (Federal)   I declare that I am employed in the office of a member of the bar of this Court at whose direction the serve was made.

Tami Galindo
Declarant

## SERVICE LIST

| | |
|---|---|
| Paul W. Sweeney, Jr., Esq.<br>Kevin S. Asfour, Esq.<br>Trevor J. Wynn, Esq.<br>K&L GATES LLP<br>10100 Santa Monica Blvd., Eighth Floor<br>Los Angeles, California 90067<br>Telephone: (310) 552-5000<br>Facsimile: (310) 552-5001<br>Email: paul.sweeney@klgates.com<br>     kevin.asfour@klgates.com<br>     trevor.wynn@klgates.com<br>     nicole.adasha@klgates.com (Assistant) | **Attorneys for Defendants**<br>**NIKE RETAIL SERVICES, INC.**<br>**and NIKE, INC.** |
| Beth Kahn, Esq.<br>Lisa Reimbold, Esq.<br>CLARK HILL LLP<br>1055 West Seventh Street, Suite 2400<br>Los Angeles, California 90017<br>Telephone: (213) 891-9100<br>Facsimile: (213) 488-1178<br>Email: bkahn@clarkhill.com<br>     lreimbold@clarkhill.com<br>     hhammad@clarkhill.com (Assistant)<br>     mguillory@clarkhill.com (Assistant)<br>     mquay@clarkhill.com (Paralegal) | **Attorneys for Defendant**<br>**WENDY MAGEE** |
| Thomas Borchard, Esq.<br>Janelle M. Dease, Esq.<br>Borchard & Callahan APC<br>25909 Pala, Suite 300<br>Mission Viejo, CA 92691<br>Telephone: (949) 457-9505<br>Facsimile: (949) 457-1666<br>Email: tborchard@borchardlaw.com<br>     jdease@borchardlaw.com | **Attorneys for Defendant**<br>**WENDY MAGEE** |

# CERTIFICATE OF SERVICE

I hereby certify that on this 4th day of October, 2021, I will electronically file the foregoing with the Clerk of the Court using the CM/ECF system, which will then be sent Electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent by first class mail to any counsel of record indicated as non-registered participants.

Dated: November 1, 2021

*/s/ Hiba Hammad*
Hiba Hammad

Dan Stormer, Esq. (SBN 101967)
David Washington, Esq. (SBN 305996)
Barbara E. Hadsell, Esq. (SBN 086021)
Theresa Zhen, Esq. (SBN 306973)
Hanna Chandoo, Esq. (SBN 306973)
Hadsell Stormer Renick & Dai LLP
128 N. Fair Oaks Avenue
Pasadena, California 91103
Telephone: (626) 585-9600
Facsimile: (626) 577-7079

***Attorneys for Plaintiff,***
**JOEL STALLWORTH, TAMIYA DICKERSON, and ROBERT JACOBS as Guardian ad Litem for S.S**
dstormer@hadsellstormer.com
dwashington@hadsellstormer.com
bhadsell@hadsellstormer.com
tzhen@hadsellstormer.com
hchandoo@hadsellstormer.com

Paul W. Sweeney, Jr., Esq.  (SBN 112511)
Kevin S. Asfour, Esq, (SBN 228993)
Trevor J. Wynn, Esq. (SBN 327623)
K&L GATES LLP
10100 Santa Monica Boulevard
Eighth Floor
Los Angeles, CA 90067
Telephone: (310) 552-5000
Facsimile: (310) 552-5001

**Attorneys for Defendant,**
**NIKE RETAIL SERVICES, INC.**
paul.sweeney@klgates.com
kevin.asfour@klgates.com
trevor.wynn@klgates.com

CASE NO.:  2:20-CV-05985-VAP-GJS
DEFENDANT WENDY MAGEE'S MOTION IN LIMINE NO. 3 TO BAR "ME TOO" EVIDENCE